IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| LAURA PONTONES, on behalf of herself and all others similarly situated, )<br>)<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>SAN JOSE RESTAURANT, INCORPORATED; SAN JOSE MANAGEMENT, INC., d/b/a SAN JOSE MEXICAN RESTAURANT AND SPORTS CANTINA; SAN JOSE MEXICAN RESTAURANT #2 OF LUMBERTON, INC.; SAN JOSE MEXICAN RESTAURANT OF ELIZABETHTOWN, INC.; SAN JOSE MEXICAN RESTAURANT OF N.C. INC.; SAN JOSE MEXICAN RESTAURANT OF PEMBROKE, NC, INC.; SANJOSE MEXICAN RESTAURANT OF RALEIGH INC.; SAN JOSE MEXICAN RESTAURANT OF SHALLOTTE, INC.; SAN JOSE OF ROCKY MOUNT #2 INC., d/b/a SAN JOSE TACOS AND TEQUILA; SAN JOSE OF ZEBULON, INC.; SAN JOSE OF ROANOKE RAPIDS, INC.; SAN JOSE WAKEFIELD, INC., d/b/a SAN JOSE MEX AND TEQUILA BAR; PLAZA AZTECA RALEIGH, INC., d/b/a SAN JOSE TACOS AND TEQUILA; HECTOR FLORES; ALBERTO FLORES; JOSUE FLORES; JOSE PEREZ; VICENTE PEREZ; PABLO MEZA; EDGARDO FLORES; and EDGAR FLORES, )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 5:18-cv-219<br><br>**FIRST AMENDED COMPLAINT** |
| _____*Defendants.*_____ | |

COMES NOW, Laura Pontones ("Named Plaintiff"), on behalf of herself and all others

similarly situated (collectively "Named and Putative Plaintiffs"), by and through undersigned

counsel, and hereby sets forth this collective action for violation of the Fair Labor Standards Act

under § 216(b), and a representative action under the North Carolina Wage and Hour Act pursuant to Fed. R. Civ. P. 23, and alleges as follows:

## PRELIMINARY STATEMENT

1. Named Plaintiff is a former employee of Defendants San Jose Restaurant, Incorporated; San Jose Management, Inc., d/b/a San Jose Mexican Restaurant and Sports Cantina; San Jose Mexican Restaurant #2 of Lumberton, Inc.; San Jose Mexican Restaurant of Elizabethtown, Inc.; San Jose Mexican Restaurant of N.C. Inc.; San Jose Mexican Restaurant of Pembroke, NC, Inc.; San Jose Mexican Restaurant of Raleigh Inc.; San Jose Mexican Restaurant of Shallotte, Inc.; San Jose of Rocky Mount #2 Inc., d/b/a San Jose Tacos and Tequila; San Jose of Zebulon, Inc.; San Jose of Roanoke Rapids, Inc.; San Jose Wakefield, Inc., d/b/a San Jose Mex and Tequila Bar; Plaza Azteca Raleigh, Inc., d/b/a San Jose Tacos and Tequila (collectively "San Jose Restaurant Defendants"); Hector Flores; Alberto Flores; Josue Flores; Jose Perez; Vicente Perez; Pablo Meza; Edgardo Flores; and Edgar Flores (collectively, along with San Jose Restaurant Defendants, the "Defendants"), which operate restaurant locations in North Carolina, Virginia, and South Carolina. Named Plaintiff, on behalf of herself and all others similarly situated, brings this action against Defendants for unpaid minimum wage s, unpaid overtime compensation, and related penalties and damages.

2. It is Defendants' systemic company-wide policy and practice to willfully fail and refuse to compensate employees for all straight-time hours worked, and to pay all overtime compensation at time and one-half for all hours worked in excess of 40 in a week, due and owing to Plaintiffs and all other similarly situated employees, in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

3. It is also Defendants' systemic company-wide policy and practice to willfully

deduct from Named and Putative Plaintiffs a fixed percentage of three percent (3%) of all credit and cash purchases made by Defendants' customers, on a daily basis and irrespective of non-wages received for hours worked, essentially subjecting Named Plaintiff and Putative Plaintiffs to charges for simply coming to work.

4.      As such, Named Plaintiff, on behalf of herself and all others similarly situated, also brings this action against Defendants for invalid and/or unauthorized deductions from wages, payment of all owed and promised wages, and for other relief as appropriate, under the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1 *et seq*.

5.      Defendants' pay practices and policies are in direct violation of the FLSA and the NCWHA.  Accordingly, Named Plaintiff, on behalf of herself and all others similarly situated, seeks unpaid minimum wages, unpaid overtime premiums for all overtime work required, suffered, or permitted by Defendants, unpaid owed and promised wages, reimbursement of unlawful deductions, liquidated damages, attorneys' fees and costs, prejudgment interest, and other damages permitted by applicable law.

## JURISDICTION AND VENUE

6.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, based upon the claims brought under the FLSA, 29 U.S.C. § 201, *et seq*.

7.      The United States District Court for the Eastern District of North Carolina has jurisdiction because Defendants conduct business in Wake County, North Carolina, which is located within this District.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendants conduct business in the Eastern District of North Carolina, and the substantial part of the events or omissions giving rise to these claims occurred in this District.

9.     The claims for the violations of the NCWHA are based upon the statutory law of the State of North Carolina.

10.    Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative fact as the FLSA claim.

11.    All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

12.    The evidence establishing liability for both causes of action will be similar and neither issue will predominate nor create confusion to a jury.

## PARTIES

13.    Named Plaintiff is an adult resident of the State of North Carolina, residing at 6468 Stag Trail, Wendell, NC 27591.

14.    Named Plaintiff was employed by Defendants as a server at Defendants' 7961 Skyland Ridge Pkwy, Raleigh, NC 27617 location, from approximately January 2017 until April 2017, and then from approximately July 2017 until August 2017.

15.    The FLSA collective action putative/potential class members are:

a.    All current and/or former servers of Defendants whose primary duty is/was non-exempt work, who were not paid minimum wage and/or overtime, and who are/were subjected to deductions of a fixed percentage of all credit and cash purchases made by Defendants' customers, , at any time within the three (3) year period prior to joining this lawsuit under 29 U.S.C. § 216(b).

16.    The NCWHA class action putative/potential class members are:

a.    All current and/or former employees of Defendants in North Carolina whose primary duty is/was non-exempt work, who are/were not paid for all of their hours

4

worked, including promised regular and/or overtime wages, and who are/were subjected to unlawful deductions of a fixed percentage of all credit and cash purchases made by Defendants' customers, at any time within the two (2) year period prior to the filing of this lawsuit.

17. Defendant San Jose Restaurant, Incorporated is a business registered with the Secretary of State and operating in the State of North Carolina, with a principal office address of 1700 Raleigh Road, Suite 120, Wilson, NC 27896.

18. Defendant San Jose Management, Inc. is a business registered with the Secretary of State and operating in the State of North Carolina, d/b/a San Jose Mexican Restaurant and Sports Cantina, with a principal office address of 1616 S Madison St., Whiteville, NC 28472.

19. Defendant San Jose Mexican Restaurant #2 of Lumberton, Inc. is a business registered with the Secretary of State and operating in the State of North Carolina, with a principal office address of 5039 Fayetteville Rd., Lumberton, NC 28358.

20. Defendant San Jose Mexican Restaurant of Elizabethtown, Inc. is a business registered with the Secretary of State and operating in the State of North Carolina, with a principal office address of 1320 West Broad St., Elizabethtown, NC 28337.

21. Defendant San Jose Mexican Restaurant of N.C. Inc. is a business registered with the Secretary of State and operating in the State of North Carolina, with a principal office address of 3027 N. Roberts Ave., Lumberton, NC 28360.

22. Defendant San Jose Mexican Restaurant of Pembroke, NC, Inc. is a business registered with the Secretary of State and operating in the State of North Carolina, with a principal office address of 938-B East Third Street, Pembroke, NC 28372.

23. Defendant San Jose Mexican Restaurant of Raleigh Inc. is a business registered

with the Secretary of State and operating in the State of North Carolina, with a principal office address of Building J 5811 Poyner Village Parkway, Raleigh, NC 27616.

24.     Defendant San Jose Mexican Restaurant of Shallotte, Inc. is a business registered with the Secretary of State and operating in the State of North Carolina, with a principal office address of 5051 Main St Suite 17, Shallotte, NC 28470.

25.     Defendant San Jose of Rocky Mount #2 Inc. is a business registered with the Secretary of State and operating in the State of North Carolina, d/b/a San Jose Tacos and Tequila, with a principal office address of 1130 N Wesleyan Blvd., Rocky Mount, NC 27804.

26.     Defendant San Jose of Zebulon, Inc. is a business registered with the Secretary of State and operating in the State of North Carolina, with a principal office address of 877 E. Gannon Ave., Zebulon, NC 2759.

27.     Defendant San Jose of Roanoke Rapids, Inc. is a business registered with the Secretary of State and operating in the State of North Carolina, with a principal office address of 309 Premier Blvd., Roanoke Rapids, NC 27870.

28.     Defendant San Jose Wakefield, Inc. is a business registered with the Secretary of State and operating in the State of North Carolina, d/b/a San Jose Mex and Tequila Bar, with a principal office address of 11211 Galleria Avenue, Unit 111, Raleigh, NC 27614.

29.     Defendant Plaza Azteca Raleigh, Inc. is a business registered with the Secretary of State and operating in the State of North Carolina, d/b/a San Jose Tacos and Tequila, with a principal office of 7961 Skyland Ridge Pkwy, Raleigh, NC 27617.

30.     Upon information and belief, San Jose Restaurant Defendants operate restaurant locations in North Carolina, Virginia, and South Carolina.

31.     Defendant Hector Flores is the President of Defendant San Jose Restaurant,

Incorporated, Vice President and Secretary of Defendant San Jose Management, Inc., Secretary of Defendant San Jose Mexican Restaurant of Elizabethtown, Inc., Secretary of Defendant San Jose Mexican Restaurant of N.C. Inc., Secretary of Defendant San Jose Mexican Restaurant of Pembroke, NC, Inc., President of Defendant San Jose Mexican Restaurant of Raleigh Inc., Treasurer of Defendant San Jose Mexican Restaurant of Shallotte, Inc., President of Defendant San Jose of Rocky Mount #2 Inc., President of Defendant San Jose of Zebulon, Inc., and President of Defendant San Jose of Roanoke Rapids, Inc. Upon information and belief, he was actively involved in all of the business operations of San Jose Restaurant Defendants, including, but not limited to, overseeing wage and payroll details for Named and Putative Plaintiffs.

32. Defendant Alberto Flores is the Vice President of Defendant San Jose Restaurant, Incorporated, Vice President of Defendant San Jose Mexican Restaurant of Pembroke, NC, Inc., Vice President of Defendant San Jose of Rocky Mount #2 Inc, and Treasurer of Defendant San Jose of Roanoke Rapids, Inc. Upon information and belief, he was actively involved in all of the business operations of San Jose Restaurant Defendants, including, but not limited to, overseeing wage and payroll details for Named and Putative Plaintiffs.

33. Defendant Josue Flores is the Treasurer of Defendant San Jose Restaurant, Incorporated, President of Defendant San Jose Management, Inc., Vice President of Defendant San Jose Mexican Restaurant of Elizabethtown, Inc., Vice President of Defendant San Jose Mexican Restaurant of Raleigh Inc., Secretary of Defendant San Jose Mexican Restaurant of Shallotte, Inc., Secretary of Defendant San Jose of Rocky Mount #2 Inc., Vice President of Defendant San Jose of Zebulon, Inc., and President of Plaza Azteca Raleigh, Inc. Upon information and belief, he was actively involved in all of the business operations of San Jose Restaurant Defendants, including, but not limited to, overseeing wage and payroll details for

7

Named and Putative Plaintiffs.

34.     Defendant Jose Perez is the Vice President of Defendant San Jose Mexican Restaurant #2 of Lumberton, Inc., and Vice President of Defendant San Jose Mexican Restaurant of N.C. Inc.  Upon information and belief, he was actively involved in all of the business operations of San Jose Restaurant Defendants, including, but not limited to, overseeing wage and payroll details for Named and Putative Plaintiffs.

35.     Defendant Vicente Perez is the Secretary of Defendant San Jose Mexican Restaurant #2 of Lumberton, Inc.  Upon information and belief, he was actively involved in all of the business operations of San Jose Restaurant Defendants, including, but not limited to, overseeing wage and payroll details for Named and Putative Plaintiffs.

36.     Defendant Pablo Meza is the Treasurer of Defendant San Jose Mexican Restaurant of Elizabethtown, Inc.  Upon information and belief, he was actively involved in all of the business operations of San Jose Restaurant Defendants, including, but not limited to, overseeing wage and payroll details for Named and Putative Plaintiffs.

37.     Defendant Edgardo Flores is the President of Defendant San Jose Mexican Restaurant of Elizabethtown, Inc., President of Defendant San Jose Mexican Restaurant of N.C. Inc., President of Defendant San Jose Mexican Restaurant of Shallotte, Inc., Treasurer of Defendant San Jose of Rocky Mount #2 Inc., and Vice President of Defendant San Jose of Roanoke Rapids, Inc.  Upon information and belief, he was actively involved in all of the business operations of San Jose Restaurant Defendants, including, but not limited to, overseeing wage and payroll details for Named and Putative Plaintiffs.

38.     Defendant Edgar Flores is the President of Defendant San Jose Mexican Restaurant #2 of Lumberton, Inc., and President of Defendant San Jose Mexican Restaurant of Pembroke,

NC, Inc.  Upon information and belief, he was actively involved in all of the business operations of San Jose Restaurant Defendants, including, but not limited to, overseeing wage and payroll details for Named and Putative Plaintiffs.

39.     Upon information and belief, Defendants maintain uniform pay practices and policies at all of their restaurant locations in North Carolina, Virginia, and South Carolina.

40.     Upon information and belief, during the time period relevant to this action, each Defendant was an employer, joint employer, or member of an integrated, common enterprise, that employed Named and Putative Plaintiffs, pursuant to the FLSA and NCWHA, in that each Defendant, or its agents, held or implemented the power, *inter alia*, to control the work performance of Named and Putative Plaintiffs, and each Defendant received the benefit of Named and Putative Plaintiffs' labor.

## COVERAGE

41.     At all times material to this action, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Named and Putative Plaintiffs.

42.     At all times material to this action, Defendants were an "employer" within the defined scope of the FLSA, 29 U.S.C. § 203(d).

43.     At all times material to this action, Named and Putative Plaintiffs were individual employees within the scope of the FLSA, 29 U.S.C. §§ 206 and 207.

44.     At all times material to this action, Defendants operated an enterprise engaged in related activities performed through a unified operation or common control for a common business purpose, as defined by the FLSA, 29 U.S.C. § 203(r).

45.     At all times material to this action, Defendants were an enterprise engaged in commerce or the production of goods for commerce, as defined by the FLSA, 29 U.S.C. § 203(s),

in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

## FACTUAL ALLEGATIONS

46.     Defendants operate restaurants in North Carolina, Virginia, and South Carolina, whose missions are to provide food and service to the public.

47.     Named Plaintiff was employed by Defendants as a server at Defendants' Raleigh, Brier Creek NC location, from approximately October 2, 2016 to January 22, 2017; and at the Raleigh Triangle Town Center Mall location, from January 23, 2017 to until April 2017, and then from approximately July 2017 until August 2017.

48.     While working as a server, Named Plaintiff was responsible for interacting with customers, taking orders, ensuring that food was prepared consistently with customers' requests, delivering food, cleaning up after customers, and completing occasional maintenance tasks.

49.     Named Plaintiff did not have any authority or discretion over the hiring and firing of other employees, nor could she have effectively recommended the hiring, firing, advancement, promotion, or other change of status of other employees.

50.     Named Plaintiff's primary duties did not include management of the business or any subdivision thereof. She did not evaluate or discipline other employees, set their hours of work or rates of pay, or direct their work. Named Plaintiff did not have the authority to discipline anyone for coming in late, leaving early, or for misbehavior while on the job. Further, Named Plaintiff did not direct the work of two or more full-time employees and always reported directly to Defendants' management, who had supervising authority over everyone, including Named

10

Plaintiff.

51.    While working as a server, Named Plaintiff typically worked five (5) days per week, Wednesday through Sunday.  On Wednesdays and Thursdays, Named Plaintiff typically worked from 10:00 a.m. until 10:00 p.m., with a daily unpaid two (2) hour break.  On Fridays and Saturdays, Named Plaintiff typically worked from 10:00 a.m. until 11:00 p.m., with a daily unpaid two (2) hour break.  On Sundays, Named Plaintiff typically worked from 5:00 p.m. until 10:00 p.m., with no break.  Accordingly, throughout her employment, Named Plaintiff typically worked approximately forty-three  (43) hours per week.

52.    Defendants, in their sole discretion, controlled Named Plaintiff's work schedule and rate of pay.

53.    While working as servers, Named and Putative Plaintiffs were advised that they were paid a direct hourly wage of less than the minimum wage, plus tips.  However, Named and Putative Plaintiffs only received one check for her first week when she was in training at $8.00 per hour.  Otherwise, with the exception of one to two checks with $0.00 wages, she did not receive wages for hours worked or check stubs, to demonstrate her hours worked or wages paid.

54.    Named and Putative Plaintiffs were subjected to daily deductions of a fixed percentage of all credit and cash purchases made by Defendants' customers, typically three percent (3%).

55.    The fixed percentage deductions that Named and Putative Plaintiffs were subjected to were applied regardless of whether a customer paid in cash or with credit, and thus were applied regardless of whether Defendants had to pay a processing fee.

56.    The fixed percentage deductions that Named and Putative Plaintiffs were subjected to were applied to all restaurant sales, not just tips received by Named and Putative Plaintiffs, and

thus Defendants used the deductions to offset their ordinary business expenses, not just to pay Named and Putative Plaintiffs their net earnings.

57. The fixed percentage deductions that Named and Putative Plaintiffs were subjected to were applied at Defendants' sole discretion, not based on any particular credit card company processing fee.

58. Defendants did not operate a tip pool, with which they redistributed Named and Putative Plaintiffs' mandatory fixed-percentage deductions among customarily tipped employees. Instead, Defendants used the deductions to offset their ordinary business expenses.

59. From February 2014 through January 2016, Defendants' unlawful compensation practices at ten (10) of its North Carolina restaurants were the subject of a series of investigations by the U.S. Department of Labor's Wage and Hour Division ("USDOL"). The USDOL's investigative findings revealed numerous violations, including: (1) failing to pay workers overtime for hours worked beyond forty (40) in a workweek; (2) requiring wait staff to work only for tips, resulting in minimum wage and overtime violations; and (3) failing to maintain required time and payroll records, and falsifying payroll documents. Defendants thereafter paid a total of $511,745 in back wages to 125 employees.

60. Despite the USDOL investigation, Defendants continued to carry out unlawful pay practices, as alleged herein.

61. From December 28, 2006 through April 27, 2007, and from September 14, 2017 through February 16, 2018, Defendants' unlawful compensation practices were twice investigated by the North Carolina Department of Labor ("NCDOL"), on behalf of two individual employees. During the first investigation, the NCDOL received a complaint from an employee regarding Defendants' failure to issue a final paycheck, but the NCDOL was unable to reach a conclusion,

because Defendants were not responsive. *See* Ex. A, First NCDOL Investigation. During the second investigation, the NCDOL received a complaint from a former server regarding Defendants' failure to pay her all wages due. *See* Ex. B, Second NCDOL Investigation. Following its investigation, the NCDOL concluded that the tip credit was not available to Defendants, because Defendants "failed to maintain accurate and complete records of tips received," and found that certain wages were due to the employee. *See id.* The NCDOL also levied a civil money penalty against Defendants. *See id.*

62. Defendants' unlawful compensation practices were also the subject of an FLSA collective action, filed on March 10, 2016, in the case of *Arellano Galvan v. San Jose Mexican Restaurant of NC, Inc.*, No. 7:16-CV-39-FL (E.D.N.C. 2016). In that action, conditional certification was granted on October 24, 2016. The parties reached a settlement and filed their stipulation of dismissal in 2018.

63. Despite the *Arellano Galvan v. San Jose Mexican Restaurant of NC, Inc.* litigation, Defendants continued to carry out unlawful pay practices, as alleged herein.

64. Defendants have violated the statutory rights of Named and Putative Plaintiffs, under both the FLSA and the NCWHA, which resulted in damages to Named and Putative Plaintiffs in the form of unpaid minimum wages, unpaid overtime premiums for all overtime work required, suffered, or permitted by Defendants, unlawful deductions, unpaid owed and promised wages, liquidated damages, attorneys' fees and costs, prejudgment interest, and other damages permitted by applicable law.

65. Defendants knowingly, willfully, or with reckless disregard carried out an illegal pattern or practice of failing to pay Named Plaintiff and those similarly situated all wages due and owing under the FLSA and the NCWHA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

66.    Named Plaintiff brings the First Count of the instant Complaint as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of herself and all similarly situated employees.

67.    Similarly situated employees, for purposes of the FLSA collective action claim, include:

>    a.    All current and/or former servers of Defendants whose primary duty is/was non-exempt work, who were not paid minimum wage and/or overtime, and who are/were subjected to deductions of a fixed percentage of all credit and cash purchases made by Defendants' customers, within the three (3) year period prior to joining this lawsuit under 29 U.S.C. § 216(b).

68.    Putative Plaintiffs are current and/or former employees of Defendants who have been subject to the same alleged unlawful practices, and therefore, are similarly situated to Named Plaintiff.  The members of the collective action, like Named Plaintiff, were employed as servers, and were subject to the same or similar pay practices.  These Putative Plaintiffs, like Named Plaintiff, were not paid at the legally required minimum wage and/or overtime rate of time and one-half for hours worked over forty (40) in a single workweek, and/or had improper deductions taken from their wages.  Named and Putative Plaintiffs should therefore be permitted to pursue their claims collectively, pursuant to 29 U.S.C. § 216(b).

69.    Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Named and Putative Plaintiffs.

70.    Named Plaintiff requests that she be permitted to serve as representative of those who consent to participate in this action, and that this action be conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

71.    Pursuant to 29 U.S.C. § 216(b), attached to and filed with the instant Complaint as

14

Exhibit A, is a Consent to File Suit as Plaintiff executed by Named Plaintiff

## NCWHA CLASS ACTION ALLEGATIONS

72.     Named Plaintiff brings the Second Count of the instant Complaint as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of herself and all similarly situated employees, for relief to redress and remedy Defendants' violations of the NCWHA, N.C. Gen. Stat. § 95-25.1, *et seq.*

73.     Pursuit of this action as a class will provide the most efficient mechanism for adjudicating the claims of Named and Putative Plaintiffs.

74.     Named Plaintiff and members of the proposed class assert that Defendants violated the NCWHA by failing to pay its employees straight-time wages, and/or overtime wages of one and one-half times their regular rate of pay, which are part of the employees' accrued, earned, and promised wages, and should have been paid when due on the employees' regular payday; this requirement is not covered by the minimum wage or overtime provisions of the FLSA.  Defendants also violated the NCWHA by subjecting Named Plaintiff and members of the proposed class to unlawful deductions.

75.     The Proposed Class: Similarly situated employees, for purposes of the NCWHA class action claim, include:

      a.  All current and/or former employees of Defendants in North Carolina whose primary duty is/was non-exempt work, who are/were not paid for all of their hours worked, including promised regular and/or overtime wages, and who are/were subjected to unlawful deductions of a fixed percentage of all credit and cash purchases made by Defendants' customers, at any time within the two (2) year period prior to the filing of this lawsuit.

76. <u>Numerosity</u>:  The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the exact number of class members is unknown to Named Plaintiff at this time, upon information and belief, the class comprises at least one-hundred (100) persons.

77. <u>Common Questions Predominate</u>: There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class, and these common questions of law and fact predominate over any questions affecting members of the proposed class individually, in that Named Plaintiff and all members of the proposed class have been harmed by Defendants' failure to pay earned wages and unlawful deductions.  The common questions of law and fact include, but are not limited to, the following:

   a. Whether Defendants failed to pay Named and Putative Plaintiffs all of their earned and accrued wages, including, but not limited to, any straight-time or overtime wages, on their regular pay date, pursuant to N.C. Gen. Stat. § 95.25.6;

   b. Whether Defendants compensated Named and Putative Plaintiffs for all of their hours worked; and

   c. Whether Defendants lawfully deducted from Named and Putative Plaintiffs' wages, in accordance with N.C. Gen. Stat. § 95-25.8 and 13 N.C. Admin. Code 12 § .0305(g).

78. <u>Typicality</u>: The claims of Named Plaintiff are typical of the claims of each proposed class member, and the relief sought is typical of the relief which would be sought by each member of the class in separate actions.  All putative class members were subject to the same compensation practices of Defendants, as alleged herein, of failing to pay employees all of their earned and accrued wages pursuant to N.C. Gen. Stat. § 95-25.6, and subjecting tipped employees to unlawful

16

deductions. Defendants' compensation policies and practices affected all putative class members similarly. Named Plaintiff and members of the proposed class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

79. <u>Adequacy of Representation</u>: Named Plaintiff is able to fairly and adequately protect the interests of all members of the proposed class, and there are no known conflicts of interest between Named Plaintiff and members of the proposed class. Named Plaintiff has retained counsel who is experienced and competent in both wage and hour law and complex class action litigation.

80. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual class members may be small for some in the sense pertinent to the class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially greater than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendants, and resulting in the impairment of class members' rights and the disposition of their interests through actions to which

they are not parties.  The issue in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

81.     <u>Public Policy Considerations</u>: Defendants violated the NCWHA.  Just as current employees are often afraid to assert their rights out of fear of direct or indirect retaliation, former employees may also be fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class action lawsuits provide class members who are not named in the Complaint a degree of anonymity, which allows for vindication of their rights while eliminating or reducing these risks.

**COUNT ONE**
**(Violations of the Fair Labor Standards Act)**

82.     Named Plaintiff incorporates by reference all preceding paragraphs as if the same were set forth again fully at this point.

83.     Named Plaintiff and those similarly situated are or were employed by Defendants to perform restaurant labor and/or other duties that do not satisfy the tests for exempt positions under the FLSA.

84.     Pursuant to the FLSA, 29 U.S.C. § 207, an employer must pay non-exempt employees at time and one-half their regular hourly rate for all hours worked over forty (40) in a single workweek.

85.     Named and Putative Plaintiffs typically worked greater than forty (40) hours per week.

86.     Pursuant to the FLSA, 29 U.S.C. § 206, employers must pay non-exempt employees a minimum wage of $7.25 per hour for all hours worked.

87.     The FLSA, 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59, provides an exception to

18

the aforementioned minimum wage rate of $7.25 per hour, allowing certain employers to take a "tip credit," and count tips received by eligible employees toward the employer's minimum wage obligations, with a maximum credit claimed for each employee of $5.12 per hour.

88.     Named and Putative Plaintiffs were subjected to non-payment of wages for regular, straight, and overtime hours worked, in addition to, deductions of a fixed percentage of all credit and cash purchases made by Defendants' customers, resulting in the minimum and overtime wage violations, for failing to pay $7.25 per hour and   the mandatory rate of time and one-half their regular rate for hours worked in excess of forty (40) in a week.

89.     Upon information and belief, Defendants knowingly and willfully failed to pay Named and Putative Plaintiffs all owed minimum wages, and/or overtime wages, in violation of the FLSA.

90.     The foregoing conduct, as alleged above, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendants effectively used Named and Putative Plaintiffs' wages to offset their ordinary business expenses, without any regard to complying with their legal wage obligations.

91.     As set forth above, Named Plaintiff, and those similarly situated, have sustained losses in their compensation, a proximate result of Defendants' violations.  Accordingly, Named Plaintiff, on behalf of herself and all other current and/or former employees similarly situated, seeks damages in the amount of their respective unpaid minimum wages, overtime compensation, and liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

92.     Named Plaintiff, on behalf of herself and all current and/or former employees similarly situated, seeks recovery of her attorneys' fees and costs to be paid by Defendants, as

19

provided by the FLSA, 29 U.S.C. § 216(b).

## COUNT TWO
### (Violations of the North Carolina Wage and Hour Act)

93.     Named Plaintiff incorporates by reference all preceding paragraphs as if the same were set forth again fully at this point.

94.     The class period for this cause of action is at least two years from the date of the filing of this Complaint.

95.     It is unlawful under North Carolina law for an employer to "suffer or permit" an employee to work without paying promised and earned wages for all hours worked, pursuant to N.C. Gen. Stat. § 95-25.6.

96.     Pursuant to the NCWHA, N.C. Gen. Stat. § 95-25.6, Defendants were required to pay Named and Putative Plaintiffs all lawful wages, when due, for all hours of work, on their regular pay date.  This requirement is not covered by the minimum wage or overtime provisions under the FLSA.

97.     Defendants intentionally refused to pay all wages due as set forth in the preceding paragraphs of this Complaint to Named Plaintiff and proposed class members, in violation of the NCWHA.

98.     Pursuant to the NCWHA, N.C. Gen. Stat. § 95-25.8(a)(2), an employer may only withhold or divert any portion of an employee's wages, when the amount or rate of the proposed deduction is known and agreed upon in advance, when the employer has "written authorization from the employee which (i) is signed on or before the payday(s) for the pay period(s) from which the deduction is to be made; (ii) indicates the reason for the deduction; and (iii) states the actual dollar amount or percentage of wages which shall be deducted from one or more paychecks."

99.     Pursuant to the NCWHA, N.C. Gen. Stat. § 95-25.8(a)(3), an employer may only

20

withhold or divert any portion of an employee's wages, when the amount of the proposed deduction is not known and agreed upon in advance, when the employer receives written authorization from each employee: (1) providing the reason for each deduction; (2) providing advance written notice of the actual amount to be deducted; and (3) providing notice of each employee's right to withdraw authorization.

100.    Defendants violated N.C. Gen. Stat. § 95-25.8(a)(2) and/or (a)(3) by not receiving sufficient authorization from Named and Putative Plaintiffs, including, but not limited to, failing to receive written authorization from each employee, failing to provide the reason for each deduction, failing to provide advance written notice of the actual amount to be deducted, and/or failing to provide written notice of employees' right to withdraw authorization.

101.    As set forth above, under the NCWHA, Named Plaintiff and members of the proposed class have sustained losses and lost compensation as a proximate result of Defendants' violations.  Accordingly, Named Plaintiff, on behalf of herself and all those similarly situated, seeks damages in the amount of their unpaid owed and promised wages, unlawful deductions, liquidated damages, and prejudgment interest at the legal rate set forth under N.C. Gen. Stat. § 95-25.22.

102.    Named Plaintiff, on behalf of herself and all those similarly situated, also seeks recovery of her attorneys' fees and costs, as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(d).

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiff and all those similarly situated, collectively pray that this Honorable Court:

1.    Issue an Order certifying this action as a collective action under the FLSA, and

designate Named Plaintiff as a representative of all those similarly situated under the FLSA collective action;

2.      Issue an Order certifying this action as a class action under the NCWHA, and designate Named Plaintiff as a representative on behalf of all those similarly situated of the NCWHA classes;

3.      Award Named Plaintiff and all those similarly situated actual damages for unpaid wages and liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiff and the class as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(a1) and pursuant to the FLSA, 29 U.S.C. § 216(b);

4.      Award Named Plaintiff and all those similarly situated pre- and post- judgment interest at the statutory rate, as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(a), and pursuant to the FLSA, 29 U.S.C. § 216(b);

5.      Award Named Plaintiff and all those similarly situated attorneys' fees, costs, and disbursements, as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(d), and pursuant to the FLSA, 29 U.S.C. § 216(b); and

6.      Award Named Plaintiff and all those similarly situated further legal equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Named Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this, June 11, 2018.

*/s/ Gilda A. Hernandez*
Gilda A. Hernandez (NCSB No. 36812)

**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
1020 Southhill Dr., Ste. 130
Cary, NC 27513
Tel: (919) 741-8693
Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com

*Attorney for Plaintiff*