IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CA No. 5:18-cv-219-D

| | |
|---|---|
| LAURA PONTONES, on behalf of herself and all others similarly situated, | ) ) ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) |
| SAN JOSE RESTAURANT, INCORPORATED; SAN JOSE MANAGEMENT, INC., d/b/a SAN JOSE MEXICAN RESTAURANT AND SPORTS CANTINA; SAN JOSE MEXICAN RESTAURANT #2 OF LUMBERTON, INC.; SAN JOSE MEXICAN RESTAURANT OF ELIZABETHTOWN, INC.; SAN JOSE MEXICAN RESTAURANT OF N.C. INC.; SAN JOSE MEXICAN RESTAURANT OF PEMBROKE, NC, INC.; SANJOSE MEXICAN RESTAURANT OF RALEIGH INC.; SAN JOSE MEXICAN RESTAURANT OF SHALLOTTE, INC.; SAN JOSE OF ROCKY MOUNT #2 INC., d/b/a SAN JOSE TACOS AND TEQUILA; SAN JOSE OF ZEBULON, INC.; SAN JOSE OF ROANOKE RAPIDS, INC.; SAN JOSE WAKEFIELD, INC., d/b/a SAN JOSE MEX AND TEQUILA BAR; PLAZA AZTECA RALEIGH, INC., d/b/a SAN JOSE TACOS AND TEQUILA; HECTOR FLORES; ALBERTO FLORES; JOSUE FLORES; JOSE PEREZ; VICENTE PEREZ; PABLO MEZA; EDGARDO FLORES; and EDGAR FLORES, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| *Defendants*. | ) ) ) |

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY (Dkt. 49)**

00113265

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................ii
INTRODUCTION ............................................................................................................... 1
FACTS ................................................................................................................................ 1
ARGUMENT AND AUTHORITY ..................................................................................... 2
DEFENDANTS' RESPONSES TO DISPUTED DISCOVERY REQUESTS ............................. 4
CONCLUSION ................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Ardrey v. United Parcel Service,* 798 F.2d 679 (4th Cir.1986) ...................................................... 2

*Bryant v. Food Lion, Inc.*, 774 F. Supp. 1484 (D.S.C. 1991) ......................................................... 2

*Butler v. DirectSAT USA, LLC,* 876 F.Supp.2d 560 (D.Md. 2012) ................................................ 2

*Choimbol v. Fairfield Resorts, Inc.,* 475 F.Supp.2d 557 (E.D.Va.2006) ........................................ 2

*De Luna–Guerrero v. The North Carolina Grower's Assoc.,* 338 F.Supp.2d 649
    (E.D.N.C.2004) ............................................................................................................................ 3

*First Am. Title Ins. Co. v. Superior Court*, 53 Cal. Rptr. 3d 734 (Cal. Ct. App. 2007) ................... 3

*Flanigan v. American Finance System of Georgia, Inc.,* 72 F.R.D. 563 (M.D. Ga. 1976) ............. 3

*Roshto v. Chrysler Corp.,* 67 F.R.D. 28 (E.D. La. 1975) ................................................................. 3

*Washington v. Brown & Williamson Tobacco Corp.,* 959 F.2d 1566 (11th Cir.1992) (citing
    *Stewart v. Winter,* 669 F.2d 328 (5th Cir.1982)) ....................................................................... 2

**Rules**

Fed. R. Civ. P.23 .......................................................................................................................... 2, 3

Fed. R. Civ. P. 26(b)(2) ..................................................................................................................... 3

Fed. R. Civ. P.37 ......................................................................................................................... 2, 10

# INTRODUCTION

Plaintiff's Motion to Compel (Dkt. 49) should be denied because Plaintiff's discovery demands were overbroad, unduly burdensome, and not proportional to the limited purpose of obtaining sufficient information for Plaintiff to file her Motion for Conditional Certification. Defendants have complied, in part, with Plaintiff's discovery demands. Defendants' new counsel, who entered an appearance the day before Plaintiff filed her Motion to Compel, will supplement those responses which are reasonably tailored to the task at hand, i.e., ascertaining common underlying facts that do not require substantial individualized determinations for each class member and show that the putative class members were together the victims of a single decision, policy, or plan. This Court should enter an order granting Defendants sufficient time to respond to Plaintiff's appropriate discovery requests as defined by the Court.

# FACTS

Laura Pontones, the sole Plaintiff in this matter, was employed by Defendant Plaza Azteca Raleigh, Inc. and Defendant San Jose Mexican Restaurant of Raleigh, Inc. as a server for a few months in 2017. On the basis of that brief employment and "upon information and belief" as to how these corporations operated, Ms. Pontones has sued 12 corporations, 12 restaurants and 8 individuals.

In order to respond to these interrogatories and requests for production of documents, it is necessary to communicate with three sets of accountants (there is no common accountant for all the corporations) and twelve different restaurant managers. Current counsel for Defendants is working to communicate with the multiple individuals to supplement the appropriate discovery requests. Currently, Phase I discovery is limited to issues related to certification of class and collective actions. (Dkt. 41, 42.) However, the scope of the discovery demands to date far exceeds Plaintiff's needs for that limited discovery and is not proportional to her claim.

00113265

1

Plaintiff's good faith letter (Dkt. 50-04) suggests that the Motion to Compel excludes the response to Request No. 1 and that all other responses and interrogatories are at issue. However, Plaintiff did not specifically address all of the responses, and, accordingly, fails to provide any grounds for her motion as to those responses as required by Rule 37, Fed. R. Civ. P. (Dkt 50-3). The Interrogatories and Requests for Production of Documents and responses and objections are contained in Exhibit C to Plaintiff's Motion to Compel. (Dkt 50-4).

## ARGUMENT AND AUTHORITY

To make the determination as to whether certification as a class action will best serve the ends of fairness and judicial efficiency, "courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits." *Washington v. Brown & Williamson Tobacco Corp.,* 959 F.2d 1566, 1570–71 (11th Cir. 1992) (citing *Stewart v. Winter,* 669 F.2d 328, 331 (5th Cir. 1982)). District courts have wide latitude in controlling and fashioning discovery. *Ardrey v. United Parcel Service,* 798 F.2d 679, 682 (4th Cir. 1986) (citations omitted). Limitations on discovery are "dictated 'only by relevance and burdensomeness.'" *Id.* at 684. Courts in the Fourth Circuit thus routinely exercise their inherent case management discretion to limit the bounds of precertification discovery. For example, in *Bryant v. Food Lion, Inc.*, 774 F. Supp. 1484, 1498 (D.S.C. 1991), the court allowed discovery regarding the named plaintiffs' individual claims and relating to the criteria for class certification set forth in Rule 23 of the Federal Rules of Civil Procedure to proceed, but deferred discovery relating to the merits of the class claims until a determination as to the propriety of class certification had been made. *See*, *e.g., Butler v. DirectSAT USA, LLC,* 876 F.Supp.2d 560, 566 (D. Md. 2012); *Choimbol v. Fairfield Resorts, Inc.,* 475 F.Supp.2d 557, 562–63 (E.D. Va. 2006). The Plaintiff must show that the putative class members were together the victims of a single decision, policy, or plan such that they are "'similarly situated

with respect to the legal and, to a lesser extent, the factual issues to be determined.'" *De Luna–Guerrero v. The North Carolina Grower's Assoc.,* 338 F.Supp.2d 649, 654 (E.D.N.C. 2004).

There is no Fourth Circuit precedent directly on point, but several cases from outside the Fourth Circuit have held that pre-certification discovery must not be used for client solicitation. *See, e.g.*, *First Am. Title Ins. Co. v. Superior Court*, 53 Cal. Rptr. 3d 734, 744 (Cal. Ct. App. 2007) (denying discovery to plaintiff who was not a member of the proposed class and stating that "the potential abuse of the class action procedure is overwhelming"); *Flanigan v. American Finance System of Georgia, Inc.*, 72 F.R.D. 563 (M.D. Ga. 1976) (holding that Rule 23 should not be used to enable client solicitation as neither plaintiffs nor plaintiffs' counsel have a duty to act as unsolicited champion of others); *Roshto v. Chrysler Corp.*, 67 F.R.D. 28, 30 (E.D. La. 1975) ("The awakening of sleeping plaintiffs by either the plaintiff or the Court would fly in the teeth of the centuries-old doctrine against the solicitation of claims"). Accordingly, compelling Defendants at the pre-certification stage to divulge time and payroll records for putative class members is disproportionate to the needs of pre-certification discovery, i.e., discovery necessary to show that the putative class members were similarly situated by being alleged victims of a common decision, policy or practice.

Fed. R. Civ. P. 26(b)(2) requires discovery requests to be proportional to the needs of the case. Here, Plaintiff was allowed Phase I discovery to collect support for conditional certification, i.e., "common underlying facts showing that the putative class members were together the victims of a single decision, policy, or plan." *DeLuna-Guerrero*, 338 F.Supp.2d at 654. Detailed time and payroll records for all putative class members plainly are not necessary at the pre-certification stage: the focus must be on the search for common "decisions, policies, or plans" made by Defendants that affected them generally. However, Plaintiff's interrogatories and requests for

production were much, much more extensive and exceed that scope. Defendants' responses are set forth below.

## DEFENDANTS' RESPONSES TO DISPUTED DISCOVERY REQUESTS

Interrogatory No. 1 requests Defendants to identify all individuals with knowledge related to Plaintiff and opt-in Plaintiffs (to date, no one has opted in) and class members' claims and Defendants' claims and defense. This Interrogatory is not limited to issues related to class certification but rather seeks discovery on all claims as though class certification has been granted. Defendants' objections are well taken. At most, this Interrogatory should be limited to individuals with knowledge related to class certification issues. Defendants are working on a response to this Interrogatory as to this limited issue.

Interrogatory No. 2 requests identification of all documents related to all the claims and defenses in this case. It also far exceeds the limited Phase 1 discovery stage for this case and Defendants' objections are well taken. At most, this Interrogatory should be limited to documents related to the class certification issues. Defendants are preparing a response to this Interrogatory as to this limited issue.

Interrogatory No. 3 seeks identification of all employees who worked for Defendants since May 17, 2015 and "percentage amount(s) deducted." Defendants' objections are well taken. There is no reasonable need for Plaintiff, prior to certification, to be provided the names and identifying information for all employees of 12 restaurants for three years. Plaintiff could not use this information in class certification motions. If Plaintiff prevails on her request for court-facilitated notice, this would be ordered to be produced at that time.

Interrogatory No. 4 seeks the identification of all current and/or former employees with responsibility to determine compliance with FLSA and its recordkeeping requirements.

Defendants are currently working to supplement its response to this Interrogatory to include the other corporations and restaurants.

Interrogatory No. 5 seeks a description of Defendants' policies, procedures and practices with regard to compensation, timekeeping and recordkeeping policies including formulas, computation methods, and spreadsheets used to do wage calculations, deductions and distribution to Plaintiff and the proposed class. Defendants objected to this Interrogatory and answered as to Plaintiff. This request is confusing, and the objection is well taken. Defendants propose to provide a two-week sample of time and payroll records representative of the pay and timekeeping systems of the different groups of restaurants as responsive to this Interrogatory.

Interrogatory No. 6 seeks the dates of employment, dates worked, hours worked each day and week, terms of compensation including rates of pay, and the amount, date and purpose of any and all deductions for Plaintiff and all putative class members who have worked for any of the 16 restaurants since May 17, 2015. Defendants' objections are well founded. Plaintiff has no reasonable need for this level of detail for a motion for class certification and it is not remotely proportional to her claims or limited scope of this stage of discovery.

Interrogatory No. 7 seeks the identity of all documents for the same information requested in Interrogatory No. 7 plus all the gratuities earned by each employee in all 12 restaurants since May 7, 2015. Defendants' objections are well founded. Plaintiff has no reasonable need for this level of detail for a motion for class certification and is not remotely proportional to her claims or limited scope of this stage of discovery. Defendants propose to provide a two-week sample of time records and payroll records representative of the pay and timekeeping systems of the different groups of restaurants as responsive to this Interrogatory.

Interrogatory No. 8 seeks all policies, procedures, etc. with regard to compensation, timekeeping and recordkeeping. Defendants answered the Interrogatory as to the restaurants where Plaintiff worked. Defendants will supplement this response as to the other restaurants.

Interrogatory No. 9 seeks the identity of individuals who implement and enforce such policies and procedures identified in Interrogatory No. 9. Defendants answered as to the restaurants where Plaintiff worked. Defendants will supplement this response as to the other restaurants.

Interrogatory No. 10 seeks a description of all work duties performed by Plaintiff and putative class members. Defendants objected as to persons other than Plaintiff and answered concerning Plaintiff. The objections are well founded. Until such time as a class is certified and the class defined, Defendants cannot answer this Interrogatory. Further, the alleged violations of the FLSA relate only to issues concerning the tips of the servers.

Interrogatory No. 11 seeks any agreement (written or oral) between Defendants and its representatives concerning employment for all employees in all 16 restaurants since May 17, 2015. Defendants properly objected to this Interrogatory. First, this has no or extremely limited relevance to the class certification issues. Second, it is not remotely proportional to the claims. Third, it is virtually unanswerable as an interrogatory and would require interviewing every employee of all the restaurants who ever hired a single employee. Defendants' objections should be sustained.

Interrogatory No. 12 seeks to identify every employee who was a supervisor and every employee who reviewed or maintained timesheets at any time during their employment with any of the 12 restaurants. This Interrogatory is not limited to the period since May 17, 2015 but seeks the identity of such person if they ever had such duties. Defendants' objections are well founded.

At this stage of discovery, the identity of each supervisor and each person who handled the timesheets is not relevant to the issue of class certification. It is not proportional to this case nor this stage of discovery.

Interrogatory No. 13 seeks the annual gross volume of sales for each Defendant for the relevant period. The annual gross volume of sales is irrelevant as to the individual Defendants. The annual gross volume of sales is relevant as to the corporate Defendants as to enterprise coverage under the FLSA. Defendants state that each of the corporate Defendants exceeded $500,000 in annual gross volume of sales for each year in the relevant period. This statement constitutes a satisfactory response to this Interrogatory.

Interrogatory No. 14 seeks to identify items purchased as part of its sales or services that were produced in other states or related to interstate commerce by all Defendants. This Interrogatory is not relevant or material as to the individual Defendants. As to the corporate Defendants, they state that they individually are engaged in interstate commerce and this statement is all that is required.

Interrogatory No. 15 asks why Defendants were not an "enterprise engaged in commerce or the production of goods for commerce." The Interrogatory is answered and there is nothing to compel.

Request for Production (RFP) No. 2 seeks the production of all Defendants' payroll records, documents showing hours worked, work schedules, time-keeping system and personnel records as to each employee in all 12 restaurants since May 17, 2015. Defendants produced the time records and payroll records that they had related to Plaintiff's employment with Defendants and objected as to other documents. This request is not remotely proportional to Plaintiffs' claim or this stage of discovery. To request all these documents for every employee of each Defendant

for over 3 years is not appropriate and is disproportional to the claim at issue. Defendants are working on producing a two-week sample of payroll data and corresponding time records, which will demonstrate that these Defendants did not work as an enterprise. To require over a 150 weeks of payroll data and time records is not helpful to the Court or any party.

RFP No. 3 seeks documents related to the methodologies utilized to compensate Plaintiff and the putative class members. Defendants objected as to all Defendants except those who employed Plaintiff and provided their payroll and time records. Defendants are examining the time records in an attempt to correct the production. A two-week sample and any other document that specifies methodology beyond the payroll will be produced if such are available.

RFP No. 4 seeks documents related to compliance with statutory recordkeeping requirements. This restates the request made in RFP No. 2 and is subject to the same objections.

RFP No. 5 seeks documents relating to job duties, hours worked, and benefits as to all employees of all Defendants. The request for documents as to hours worked was made in other document requests. The job duties of every employee are not relevant to class certification or Plaintiff's claim and are not proportional. What benefits were paid or not paid also is irrelevant to the claims made by Plaintiffs. Defendants' objections are well taken.

RFP No. 6 seeks documents that outline or discuss the agreement between any and all Defendants in this matter. Defendants have responded that there are no responsive documents. Plaintiff objected to this answer because Mr. Flores testified about overlapping ownership and officers, a different question but one that appears to have led Plaintiff to assume there must be documents related to this response. Defendants' new counsel will investigate and supplement this response if they find any responsive documents.

00113265

8

Case 5:18-cv-00219-D   Document 55   Filed 01/25/19   Page 11 of 14

RFP No. 7 seeks correspondence or other documents sent to or received from governmental bodies concerning any investigation of any Defendant <u>related</u> to Plaintiff or putative class members. Defendants have responded they unaware of any such documents. Plaintiff's brief and good faith letter do not address why this answer is inappropriate. Therefore, no grounds having been given as to this request, Plaintiff's motion as to this RFP No. 7 should be denied.

<u>RFP No. 8</u> seeks Plaintiff's personnel file. Defendants did not produce Plaintiff's personnel file because there is no such document. Plaintiff did not address why this answer is not appropriate in her brief and, accordingly, Plaintiff's motion as to RFP 8 should be denied.

<u>RFP No. 9</u> seeks production of documents relating to computation methods, formulas, or calculations relating to computation of hours worked, wage deductions and payroll reports "<u>not included in Requests for Production above.</u>" (emphasis added.) Since RFP Nos. 2 – 5 cover all of these issues, no further response is necessary.

<u>RFP No. 10</u> seeks documents given to individuals such as Plaintiff that concern or explain their compensation and the manner in which her compensation is set and/or paid. Defendants responded that it had no such documents. Plaintiff's brief and good faith letter do not address why this answer is inappropriate. Accordingly, the motion should be denied as to RFP No. 10.

<u>RFP No. 11</u> seeks documents related to Defendants' tip pool policies. Defendants objected to this request and stated that the Defendants for whom Plaintiff worked had no such documents. Plaintiff's brief and good faith letter do not address why this answer is inappropriate. Accordingly, the motion to compel should be denied as to RFP No. 11.

<u>RFP No. 12</u> seeks Defendants' tax returns, profit and loss statements, and other financial documents. Defendants' objections are well taken. Plaintiff fails to address why Defendants' objections are not well taken. Plaintiff's good faith letter simply asserts that the information is

relevant without explaining how it is relevant. These documents have nothing to do with this case or Phase I discovery. At best, Plaintiff could argue that it is related to showing that each corporate Defendant's annual gross volume of sales exceeds $500,000; however, Defendants already have stated that each of the corporate Defendants exceeded $500,000 in each year during the relevant period.

## CONCLUSION

Plaintiff's discovery requests are extraordinarily disproportionate to the narrow issues related to Phase I class/collective discovery. Defendants are making every effort to comply in good faith with a reasonable reading of Plaintiff's requests. Plaintiff's demand for full compliance is not consistent with her obligation under Fed. R. Civ. P. 37 to seek resolution before filing a motion to compel. Defendants ask the Court to narrow the Plaintiff's discovery requests in the manner set forth above.

Respectfully submitted this 25th day of January 2019.

WIMBERLY, LAWSON, STECKEL, SCHNEIDER & STINE, P.C.

*/s/J. Larry Stine*
J. Larry Stine (GA. Bar No.: 682555)
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia 30326
Phone: (404) 365-0900
Fax: (404) 261-3707
jls@wimlaw.com

JORDAN PRICE WALL GRAY JONES & CARLTON, PLLC

/s/ Henry W. Jones, Jr.
Henry W. Jones, Jr. (N.C. Bar No. 8343)
Email: hjones@jordanprice.com
*Local Civil Rule 83.1(d) Counsel for Defendants*

/s/ Lori P. Jones
Lori P. Jones (N.C. Bar No. 32872)
Email: ljones@jordanprice.com
*Local Civil Rule 83.1(d) Counsel for Defendants*

P.O. Box 10669
1951 Clark Avenue
Raleigh, North Carolina 27605
Telephone: (919) 828-2501
Fax: (919) 831-4484

*Counsel for Defendants*