IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-219-D

| | |
|---|---|
| LAURA PONTONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| SAN JOSE RESTAURANT ) | |
| INCORPORATED, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Plaintiff's motion to compel discovery [DE-49], Defendants' response in opposition [DE-55], and the parties' joint status report [DE-64]. For the reasons that follow, the motion is denied.

## I. BACKGROUND

Plaintiff alleges Defendants failed to pay Plaintiff and other similarly situated employees the requisite minimum wage and overtime compensation and unlawfully withheld a portion of Plaintiff's tips in violation of state and federal wage and hour laws, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1 *et seq.*, and seeks to bring a collective action under 29 U.S.C. § 216(b) and a class action under Fed. R. Civ. P. 23. Am. Compl. [DE-7]. The parties engaged in pre-certification discovery limited to the factual circumstances underlying a potential motion for class certification. Pl.'s Am. Mem [DE-59] at 4.[1] In the course of pre-certification discovery, Plaintiff served on

---

[1] The page number referenced is the page number found in the CM/ECF document footer where it differs from the document's internal page number.

Defendants a First Set of Request for Production of Documents and a First Set of Interrogatories. *Id.* Defendants produced written responses, including objections, and later produced amended responses. *Id.*

After unsuccessful attempts by counsel to resolve Plaintiff's perceived deficiencies, Plaintiff filed the instant motion to compel, which asserts that Defendants inadequately responded to fourteen interrogatories and ten document requests. [DE-49]. In their response, Defendants endorsed some of their prior objections and noted that Plaintiff's meet-and-confer letter and memorandum in support did not address several of Defendants' objections, but Defendants also indicated they would supplement their prior responses to a number of Plaintiff's requests. [DE-55]. Plaintiff then filed an amended memorandum in support of the motion, which asserted that no additional information or documents had been produced by Defendants at that time. [DE-59]. The court ordered counsel for the parties to engage in further meet-and-confer efforts regarding the matters raised in Plaintiff's motion and to file a status report with the court detailing which matters had been resolved and which remained in dispute for the court's determination. [DE-61]. The parties have now informed the court that there remain in dispute two interrogatories, Nos. 3 and 13, and two document requests, Nos. 7 and 12. [DE-64]. The court commends counsel on their work in resolving several of the issues originally presented.

## II. DISCUSSION

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Equal Emp't Opportunity*

*Comm'n v. Sheffield Fin. LLC*, No. 1:06CV00889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007); *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to answer an interrogatory or to produce or make available for inspection requested documents. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). For purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). However, the Federal Rules also provide that

> the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). "Additionally, the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). Finally, the party seeking the court's protection from responding to discovery "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Mainstreet Collection*, 270

F.R.D. at 240 (citation omitted). Accordingly, as the party objecting to discovery, it is Defendants' burden to show why discovery should be denied.

**A.     Interrogatory No. 3**

In Interrogatory No. 3, Plaintiff seeks information to identify potential putative class members.

> INTERROGATORY NO. 3: During the Relevant Time Period, identify all putative plaintiffs/class members or current and/or former employees who performed work for Defendants. This includes, but is not limited to, those individuals who were non-exempt, paid a salary, or only received tips as wages, and/or were charged any percentage of total sales from each table. In so identifying these individuals, include the individual's full name, last known address, telephone number (including cell phone number) and e-mail address.

Jt. Status Rpt. [DE-64] at 3. Plaintiff contends this information is "highly relevant to a motion for class or collective action certification" and that the court has allowed such discovery in similar matters. *Id.* (citing *Mondragon v. Scott Farms, Inc.*, No. 5:17-CV-00356-FL, 2019 WL 366870, at *8 (E.D.N.C. Jan. 5, 2019)); Pl.'s Am. Mem. [DE-59] at 7. Defendants contend this interrogatory is premature because the actual names and addresses of its employees are not necessary for Plaintiff's class certification motion. Jt. Status Rpt. [DE-64] at 4–5 (citing *Mitchell v. Acosta Sales, LLC*, No. CV 11-1796-GAF (OPX), 2011 WL 13309060, at *5 (C.D. Cal. Aug. 29, 2011)). Defendants indicate they have provided a representative sample of payroll and time records and the number of positions at each restaurant to the extent those are relevant to certification. *Id.*

"Whether to permit discovery of contact information for putative class members prior to conditional certification of a case lies within the discretion of the district court," and "[w]hile such discovery has been permitted in some cases, it has been denied in others." *Velasquez-Monterrosa v. Mi Casita Restaurants*, No. 5:14-CV-448-BO, 2015 WL 1964400, at *6 (E.D.N.C. May 1, 2015)

4

(citations omitted). The plaintiff's burden under the FLSA to demonstrate at the conditional certification stage that the potential plaintiffs are "similarly situated" has been described as "not particularly stringent," "not heavy," "a minimal showing," and "fairly lenient." *Williams v. XE Servs., LLC*, No. 2:09-CV-59-D, 2011 WL 52353, at *3 (E.D.N.C. Jan. 4, 2011) (citations omitted). However, "although the court proceeds under a lenient standard, mere allegations will not suffice; some factual evidence is necessary." *Id.* (citation omitted).

Likewise, under Rule 23, "the district court retains discretion in permitting discovery of contact information for prospective class members," and "[s]ome cases have permitted such discovery prior to certification and others have not." *Velasquez-Monterrosa*, 2015 WL 1964400, at *7 (citations omitted). "A trial court may certify a class under Rule 23 if it is satisfied that the prerequisites of Rule 23(a)[, numerosity, commonality, typicality, and adequacy,] have been satisfied." *Sanchez-Rodriguez v. Jackson's Farming Co. of Autryville*, No. 7:16-CV-28-D, 2017 WL 396667, at *2 (E.D.N.C. Jan. 27, 2017) (citation omitted). "However, the trial court does not examine the merits of the underlying claims when it decides a motion for class certification." *Id.* (citation omitted). While the standard for class certification under Rule 23 is "more stringent" than § 216(b), *Yerger v. Liberty Mut. Grp., Inc.*, No. 5:11-CV-238-D, 2011 WL 5593151, at *3 n.5 (E.D.N.C. Nov. 15, 2011) (citations omitted), "[c]ourts should 'give Rule 23 a liberal rather than a restrictive construction, adopting a standard of flexibility in application which will in the particular case best serve the ends of justice for the affected parties and . . . promote judicial efficiency,'" *Sanchez-Rodriguez*, 2017 WL 396667, at *2.

Here, the court agrees with Defendants that the information sought is not relevant to the certification motion, and Plaintiff has merely stated in a conclusory fashion that the information is

highly relevant to the certification issue, thus failing to demonstrate with specificity how the identifying information is necessary pre-certification. *See Velasquez-Monterrosa*, 2015 WL 1964400, at *8 (denying plaintiff's motion to compel disclosure of contact information for putative plaintiffs/class members where plaintiff failed to demonstrate with particularity that it was necessary prior to determination of the certification motion). Defendants have provided Plaintiff with information relevant to the certification question, including a sample of payroll and time records, information related to the number of positions at each restaurant, and information about which restaurants use a tip pool and which do not. Jt. Status Rpt. [DE-64] at 4.

Courts in this district have granted conditional certification without the information Plaintiff seeks. In the *Mondragon* case cited by Plaintiff, the court ultimately allowed the plaintiffs' conditional certification motion, which was supported by affidavits from two named plaintiffs and a sampling of their time sheets and paystubs. *Mondragon v. Scott Farms, Inc.*, No. 5:17-CV-00356-FL, 2019 WL 489117, at *2 (E.D.N.C. Feb. 7, 2019). After finding conditional certification was appropriate, the court ordered Defendants to produce identifying and contact information for the putative plaintiffs. *Id.* at *12. Similarly, in the *Williams* case, plaintiffs supported their motion for conditional certification with affidavits from the two named plaintiffs, and the court ordered conditional certification while at the same time ordering Defendants to provide the names, addresses, and telephone numbers of all putative class members. *Williams*, 2011 WL 52353, at *4–5. Accordingly, it is not apparent how the information Plaintiff seeks in Interrogatory No. 3 is necessary to the conditional certification motion, and the motion to compel as to this request is denied as premature.

## B. Interrogatory No. 13

In Interrogatory No. 13, Plaintiff seeks information regarding Defendants' annual gross volume of sales.

> INTERROGATORY NO. 13: For each calendar year that falls either wholly or partially within the Relevant Time Period, please separately provide the annual gross volume of sales (including charges or automatic gratuities for services provided) made or provided by the Defendants in each of those same calendar years.

Jt. Status Rpt. [DE-64] at 5. Plaintiff contends this information is relevant to establish the *prima facie* elements of her FLSA claims for the relevant time period, specifically that the requirements of the FLSA apply to Defendant. *Id.* (citing *Smith v. B&O R. Co.*, 473 F. Supp. 572, 585 (D. Md. 1979)); Pl.'s Am. Mem. [DE-59] at 9–10. Defendants counter that the information sought is unnecessary because they do not contend the corporate Defendants have an annual gross dollar value of less than $500,000, which is the threshold to be covered under the FLSA. Jt. Status Rpt. [DE-64] at 5.

"The FLSA applies to a business, or enterprise, only if . . . it 'has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and' its '*annual gross volume of sales made or business done is not less than $500,000.*'" *Velasquez v. Salsas & Beer Rest., Inc.*, 735 F. App'x 807, 809 (4th Cir. 2018) (emphasis added) (citing 29 U.S.C. § 203(s)(1)(A) (2012)). The later requirement, known as enterprise coverage, constitutes an element of an FLSA claim. *Id.* (citation omitted). Defendants concede this element, and Plaintiff has stated no other need for the information. Accordingly, the motion to compel as to this request is denied.

7

## C. Document Request No. 7

In Document Request No. 7, Plaintiff seeks correspondence and other documents related to any investigation of any Defendant related to Named Plaintiff, Opt-in, and putative Plaintiffs' claims.

> REQUEST FOR PRODUCTION NO. 7: Produce copies of all correspondence and other documents sent to or received from the U.S. Department of Labor, N.C. Department of Labor, U.S. Equal Employment Opportunity Commission, or any other governmental bodies, concerning any investigation of any Defendant related to Named Plaintiff, Opt-in, and putative Plaintiffs' claims.

Jt. Status Rpt. [DE-64] at 5–6. Plaintiff contends this information is relevant to establish the "similarly situated" requirement for conditional certification and to determining whether common questions of law or fact exist and whether her claims are typical to those claims investigated by the U.S. Department of Labor ("DOL"). *Id.* at 6; Pl.'s Am. Mem. [DE-59] at 11. Defendants counter that they are unaware of any such documents. Jt. Status Rpt. [DE-64] at 6.

Plaintiff references, in her amended memorandum, a DOL investigation "where Defendants were found in violation for minimum wage, overtime, and illegal deductions (during the relevant time period) . . . ." Pl.'s Am. Mem. [DE-59] at 5. However, the scope of Plaintiff's request is more narrow than investigation documents related to wage and hour violations but rather seeks documents "concerning any investigation of any Defendant *related to Named Plaintiff, Opt-in, and putative Plaintiffs' claims.*" Jt. Status Rpt. [DE-64] at 5–6 (emphasis added). It is not clear that the requested subset of investigation documents necessarily exists, and Defendants assert they are unaware of any such documents. Accordingly, Defendants' response to the request as drafted appears sufficient, and the motion to compel as to this request is denied.

## D. Document Request No. 12

In Document Request No. 12, Plaintiff seeks a variety of financial documents that show, in

part, Defendants' annual gross volume of sales.

> REQUEST FOR PRODUCTION NO. 12: For each calendar year that falls either wholly or partially in the four (4) years immediately preceding the date on which this action was filed, in addition to each calendar year from that period up to and including the date of the instant set of Requests for Production, the profit and loss statements, balance sheets, cash flow statements, statements of changes in equity (if applicable), federal income tax return(s), and all other applicable financial statements for each calendar year or fiscal year falling in part or in whole in that same time period, which show, in part, the annual gross volume of sales (including charges for services provided) made or provided by the Defendants and all related legal entities in each of those same calendar years.

Jt. Status Rpt. [DE-64] at 6. Plaintiff contends this information is relevant to establish her *prima facie* FLSA claims. Pl.'s Am. Mem. [DE-59] at 11–12. Defendants contend the information in not relevant to pre-certification discovery and, to the extent it is relevant to demonstrate Defendants' gross annual volume of sales exceeds $500,000, Defendants have already conceded as much. Jt. Status Rpt. [DE-64] at 7. As explained with respect to Interrogatory No. 13, which sought similar information, Defendants concede the enterprise coverage element, and Plaintiff has stated no other need for these documents in precertification discovery. Accordingly, the motion to compel as to this request is denied.

E.   **Request for Sanctions**

Plaintiff seeks sanctions under Fed. R. Civ. P. 37 against Defendants for unjustifiably resisting discovery. Pl.'s Am. Mem. [DE-59] at 13. The court finds that sanctions are not warranted where the court determined further meet-and-confer efforts were required after the motion to compel was filed; Defendants subsequently supplemented their discovery responses, resolving the majority of issues in dispute; and Defendants' responses to the issues remaining in dispute were substantially justified. *See* Jt. Status Rpt. [DE-64]; Fed. R. Civ. P. 37(a)(5).

## III. CONCLUSION

For the reasons stated above, the motion to compel and for sanctions [DE-49] is denied.

SO ORDERED, the 9th day of April 2019.

_____
Robert B. Jones, Jr.
United States Magistrate Judge