IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-219-D

LAURA PONTONES,                    )
                                   )
          Plaintiff,               )
                                   )
     v.                            )                    ORDER
                                   )
SAN JOSE RESTAURANT                )
INCORPORATED, et al.,              )
                                   )
          Defendants.              )

This matter is before the court on Plaintiff's expedited motion for hearing to address disputes raised in the parties' joint notice regarding proposed notice of the collective/class action. [DE-108]. The matter was referred to the undersigned for disposition [DE-123], and a telephonic hearing was held on March 30, 2020, at which the court heard argument from counsel for both parties. For the reasons that follow, the motion is allowed in part and denied in part.

Plaintiff alleges Defendants failed to pay Plaintiff and other similarly situated employees the requisite minimum wage and overtime compensation and unlawfully withheld a portion of Plaintiff's tips in violation of state and federal wage and hour laws, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1 *et seq.* The court allowed Plaintiff's motion for conditional class certification, which also authorized notice and ordered the parties to confer concerning the contents of the proposed notice. [DE-77] at 18. The parties filed an amended joint notice regarding the proposed notice but were not in complete agreement on the notice's content. [DE-95]. The instant motion seeks resolution of the disputed issues, namely (1) whether the method of notice should include

broadcast via Spanish radio, (2) the relevant time period to include in the notice, and (3) whether Defendants must produce additional contact information for the putative plaintiffs and Rule 23 class members. [DE-108].

## A.    **Means of Distribution**

Plaintiff requests to broadcast notice of the lawsuit and to distribute the proposed notice via Spanish radio in addition to the U.S. mail. Am. Jt. Notice [DE-95] at 5–6. Plaintiff contends Spanish radio provides the most likely means of reaching the majority of putative plaintiffs given the high turnover rate in the industry and the fact that some putative plaintiffs have relocated since their time of employment with Defendants. *Id.* at 5 n.6. At the hearing, Plaintiff also noted that posting the notice at Defendant's restaurants would lack effectiveness due to the limited operations of the restaurants due to the COVID-19 virus. Defendants oppose broadcast on Spanish radio because first, they believe it is highly likely to result in responses by individuals who were not employed by Defendants or who were employed before the statutory period, and second, Plaintiff did not request radio notice in the proposed notice attached to Plaintiff's motion for class action, depriving Defendants of an opportunity to object. *Id.* at 6. At the hearing, Defendants noted that the standard practice of tracking putative plaintiffs who have moved is by skip tracing through the postal service.

Under the circumstances presented here, the court finds broadcast by Spanish radio to be reasonable and appropriate. The court agrees with Plaintiff that posting the notice in Defendants' restaurants at this time will be minimally effective due to the restaurants not fully operating as a result of COVID-19 restrictions implemented by the state and that publication by radio will help to remedy the shortfall. Furthermore, Defendants have been unable to produce personal contact

2

information for at least twenty-two putative class members whose addresses were the same as one of the Defendant restaurants. Pl.'s Mot. [DE-108] at 3. Although Defendants cited a concern that the radio notice would result in many false positive responses, they did not specifically articulate how the resulting burden would outweigh the benefit of likely reaching more putative plaintiffs under the circumstances. Also, this court has previously approved distribution by radio. *See Diaz v. Quality Crab Co.*, No. 2:10-CV-15-H, 2011 WL 4498941, at *4 (E.D.N.C. Aug. 12, 2011) (approving distribution of the parties' amended notice and form by U.S. mail, radio announcements in Mexico, and other means), *adopted in part, rejected in part by* 2011 WL 4498939 (E.D.N.C. Sept. 27, 2011). Finally, although Defendants may not have had an opportunity to object to radio notice in earlier briefing, they have done so in the parties' amended joint notice and at the hearing, and there are changed circumstances since the filing of Plaintiff's class motion due to COVID-19 and Defendants' inability to produce personal addresses for some of the putative plaintiffs. Accordingly, the court finds that distribution of the notice by U.S. mail and Spanish radio will provide the best notice practicable under the circumstances and will allow Plaintiff's request for distribution by Spanish radio.

## B. Notice Period

Plaintiff requests that the notice describe the relevant time period as beginning May 17, 2015, three years prior to the filing of the complaint, because "[f]or purposes of the FLSA claims, the relevant time period is three years preceding the filing of the complaint, May 17, 2015 to the present." Am. Jt. Notice [DE-95] at 7. Defendants object to the use of the period proposed by Plaintiff because damages accrue from three years prior to the filing of a putative plaintiff's consent form to present, and using Plaintiff's proposed time period in the notice would result in the filing

3

of time barred claims. *Id.* at 7–9. Defendant contends the appropriate start date is May 17, 2016, which is the NCWHA statute of limitations date. *Id.* at 10. Plaintiff conceded the statute of limitations is three years from the filing of the consent form, but argued at the hearing that the notice period should be three years prior to the filing of the complaint to ensure the class is complete.

"Courts frequently permit a more inclusive notice period at the certification stage." *Gui Zhen Zhu v. Matsu Corp,* — F. Supp 3d —, No. 3:18-CV-203 (CSH), 2020 WL 29835, at *10 (D. Conn. Jan. 2, 2020) (allowing a notice period of three years prior to the filing of the complaint despite recognizing it might result in the solicitation of some expired claims); *see also Marcial v. New Hudson Family Rest. Inc.*, No. 718CV0663NSRJCM, 2019 WL 1900336, at *8 n.14 (S.D.N.Y. Apr. 29, 2019) ("Courts often set a notice period for three years before the filing of the complaint in FLSA cases."); *Velasquez-Monterrosa v. Mi Casita Restaurants*, No. 5:14-CV-448-BO, 2016 WL 1703351, at *4, [DE-69-1] (E.D.N.C. Apr. 27, 2016) (approving notice with notice period beginning three years prior to the filing of the complaint). Doing so helps courts to "avoid making preliminary determinations regarding the viability of each plaintiffs' individual claims and [] ensure[s] that opt-in plaintiffs with untimely claims but 'colorable equitable tolling arguments' receive adequate notice of the [] action." *Gui Zhen Zhu*, 2020 WL 29835, at *11. Allowing a more inclusive notice period does not prejudice Defendants' ability to later challenge a claim as time barred. *See Murillo v. Berry Bros Gen. Contractors Inc.*, No. 6:18-CV-1434, 2019 WL 4640010, at *5 (W.D. La. Sept. 23, 2019) (allowing notice to include all persons employed up to three years before the date of the complaint and recognizing "Defendants will have the opportunity at the appropriate time to challenge the timeliness of any claims brought by putative plaintiffs who wish to opt-in to the litigation.").

In addition to these general considerations in favor of a longer notice period, here the

4

complaint contains allegations that the Defendants' violations were willful, Am. Compl. [DE-7] ¶¶ 2–3, 65, 89–90, which may result in an extension of the statute of limitations. *See Davis v. Narron*, No. 5:19-CV-262-BO, 2019 WL 6878503, at *2 (E.D.N.C. Dec. 16, 2019) ("The FLSA's two-year statute of limitations is extended to three years for 'willful' violations.") (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132 (1988)); *Gui Zhen Zhu*, 2020 WL 29835, at *9 ("[I]f a plaintiff alleges that the employer has willfully violated the FLSA, the applicable limitations period is three years.") (citations omitted). Furthermore, the passage of time between certification and the publication of notice is a consideration in whether a longer notice period is appropriate. *Gui Zhen Zhu*, 2020 WL 29835, at *10. Due to the parties' inability to agree on the notice content, the issuance of the notice has been delayed, providing further support for an extended notice period. *See* Order [DE-77] (conditionally certifying class on October 31, 2019). The court has considered the case of *Harkins v. Riverboat Servs., Inc.*, 385 F.3d 1099 (7th Cir. 2004), cited by defense counsel at the hearing, but finds it uninstructive under the circumstances presented here. Accordingly, the court finds the appropriate notice period begins May 17, 2015, three years prior to the filing of the complaint, and a revised proposed notice shall be filed within seven (7) days.

## C.    Contact Information for Putative Class Members

Defendants provided class counsel for Plaintiff with some requested putative plaintiff and Rule 23 class member information from May 17, 2016 to present. Jt. Am. Notice [DE-95] at 3. Plaintiff contends Defendants did not provide the requested information from May 17, 2015 through May 16, 2016 and that the list should include full name, address, phone number, and periods of employment with start and end dates. *Id.* at 3–4. Defendants contend they are only required to provide contact information for two years prior to the date the complaint was filed, May 17, 2016,

5

and should not be required to produce periods of employments. *Id.* at 4–5. At the hearing, Defendants also argued that they did not maintain employee phone numbers or email addresses.

Having determined the appropriate notice period dates back to May 17, 2015, Defendants shall provide the information for putative plaintiffs and Rule 23 class members from that date. Defendants also indicated they would provide records containing periods of employment. Jt. Am. Notice [DE-95] at 5. Plaintiff has not sufficiently articulated why periods of employment are necessary for purposes of publishing notice. Therefore, Defendants' agreement to provide records containing periods of employment is sufficient. Although counsel contends he is not aware of any employment documents that contain phone numbers or email addresses, the court agrees with Plaintiff that it seems unusual an employer would not maintain telephone contact information for its employees. Accordingly, Defendants shall attempt to locate such contact information to provide to Plaintiff and shall certify to Plaintiff that no such information exists if in fact none is found. Defendants shall provide the additional information within fourteen days (14) of the date of this order.

SO ORDERED, the ___ day of April 2019.

Robert B. Jones, Jr.
United States Magistrate Judge

6