# EXHIBIT 1

## ANGEION
## DECLARATION

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

| | |
|---|---|
| LAURA PONTONES, on behalf of herself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SAN JOSE RESTAURANT, INCORPORATED et al. <br><br> *Defendants.* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )     Case No. 5:18-cv-219-D |

**DECLARATION OF FASIKA HAILEMICHAEL RE: PROOF OF NOTICE**

I, Fasika Hailemichael, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct to the best of my knowledge:

1.      I am a Project Manager with Angeion Group, LLC ("Angeion"), the Settlement Administrator retained in this matter, located at 1650 Arch Street, Suite 2210, Philadelphia, PA 19103. I am over 21 years of age and am not a party to this action.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.      Angeion was retained by the Parties and appointed by this Court to serve as Settlement Administrator and to, among other tasks, provide Notice of Proposed Class Action Settlement to the Settlement Classes, and perform other duties as specified in the Settlement Agreement of Class and Collective Action and Release of Claims ("Settlement Agreement") and by the directives of the Court, including, but not limited to, the Order Granting Preliminary Approval (the "Preliminary Approval Order").

3.      Angeion has administered class action settlements involving millions of class members. A     representative     list     of     the     settlements     administered     by     Angeion     is     available     at

https://www.angeiongroup.com/cases.php. Through the administration of the settlements referenced above, Angeion has received, processed, and secured data from defendants and other sources. Angeion has analyzed settlement class member data including performing deduplication, National Change of Address Searches (NCOA) and skip traces. Angeion has successfully implemented noticing campaigns involving direct mail notice, email notice, text noticing, printed media, and digital media for millions of potential class members. Further, Angeion has analyzed and reported on class member data obtained through claim forms submitted via mail and through online claims filing, class member correspondence, objections to the settlement, exclusion requests and other means. Angeion is experienced in the application of complex claim calculations and, where applicable, tax withholding and reporting, as required by federal, state, and local taxing authorities, as well as in reviewing settlement agreements and court orders.

4.    Angeion is not related to or affiliated with the Plaintiffs, Class Counsel, Defendants, or Counsel for Defendants.

5.    The purpose of this Declaration is to provide the Court with a summary of the work performed by Angeion to disseminate notice to the Settlement Classes and other administrative tasks.

## CLASS DATA

6.    The Settlement Class is defined as: " "NCWHA Class," which corresponds to Plaintiffs' NCWHA Rule 23 class claims, means all current and/or former employees of Defendants in North Carolina whose primary duty is/was non-exempt work, who are/were not paid for all of their hours worked, including promised regular and/or overtime wages, and who are/were subjected to unlawful deductions of a fixed percentage of all credit and cash purchases made by Defendants' customers, at any time within the two (2) year period prior to the filing of this lawsuit. "

7.    On or about April 27, 2022, Angeion received from class counsel, a list of 944 records. Upon removal of duplicative records, Angeion determined there were 779 unique records containing named, addresses, and/or phone numbers.

## DIRECT NOTICE

**Mailed Notice**

8.    On May 3, 2022, Angeion caused English and Spanish versions of the Notice of Settlement, a claim form, and a postage pre-paid return envelope, to be mailed in a single mailing, by First Class U.S. Mail, using envelopes that include the name and logo of Plaintiff's Attorneys' law firm, to all the class settlement class members ("Mailing List"). Attached hereto as **Exhibit A and B** are true and accurate copies of the Notice of Settlement and claim forms respectively. Of the 779 mailed notices sent out, 47 were returned to Angeion without a forwarding address.

9.    Prior to mailing, the Mailing List was processed through the USPS National Change of Address database to identify updated addresses for individuals who have moved within the last four years and who filed a change of address card with the USPS.

10.    Typical Angeion protocol requires that Notices returned by USPS without a forwarding address are subjected to an address verification search ("skip trace") in an attempt to locate an updated address. However, on June 30, 2022, Angeion discovered it had failed to engage in the skip tracing protocol, as directed by the Court.  The same day, Angeion reached out to Class  counsel to advise of Angeion's failure, with the proposal to rectify this issue immediately.   Since Class counsel indicated they were out of town, Class counsel  responded and indicated that they had to consider how to best address this issue.  On July 5, 2022, Class  counsel reached out to Defendants' counsel and copied Angeion.  Class  counsel advised Defendants' counsel that they  had learned of Angeion's inadvertent failure to conduct skip tracing measures and resend notices to 47 new addresses. Class  counsel forwarded Angeion's email to Defendants' counsel and requested Defendants' consent to have notices go out to those 47 individuals immediately.

11.    On July 12, 2022, Angeion resent notices to those 47 individuals, for whom skip tracing revealed new addresses with a deadline of thirty (30) to respond.  In light of the structured settlement the parties have entered into, which permits Defendants a monthly settlement payment schedule,

resending notice to these 47 individuals will have no impact on the structured settlement or the distribution of settlement payments.

12.     As of August 15, 2022, from the 47 remailed notices sent on July 7, 2022, twenty-two (22) claims have been received. Of the 779 notices sent, 154 remained classified as undeliverable.

**Text Messages**

13.     On May 3, 2022, Angeion caused text messages Notice to be sent to the 183 Settlement Class Members who had a valid telephone number. Attached hereto as **Exhibit C** the true and accurate the text message Notice.

14.     Of the 183 text message notices that went out, none came back as undeliverable.

## SETTLEMENT WEBSITE

15.     On May 2, 2022, Angeion activated a case-specific website, www.SanJoseSettlement.com (the "Settlement Website"), where Settlement Class Members are able to file a claim directly on the website or download and print the Claim Form to be completed and mailed via the USPS. Also on the Settlement Website, Settlement Class Members can easily view general information about this class action Settlement, review relevant Court documents, and view important dates and deadlines pertinent to the Settlement. This case-specific Settlement Website was designed to be user-friendly and makes it easy for Settlement Class Members to find information about the case. The Settlement Website also has a "Contact Us" page whereby Settlement Class Members can send an email with any additional questions to a dedicated email address, info@SanJoseSettlement.com. As of August 15, 2022, the Settlement Website has received website 1201 visits by 762 unique users totaling 3860 pageviews.

## CLAIM FORMS

16.     The deadline for Class Members to submit a Claim Form was June 17, 2022, and the extended claim filling deadline was August 10, 2022. From the initial mailing, Angeion has received 87 Claim Form submissions (of which 71 were filed online and 16 were paper claim submissions), and

from the subsequent mailing to individuals for whom skip tracing produced a new address, Angeion has received 22 new submissions (from which 21 were paper claims and 1 online claim).

17.     As of August 15, 2022, Angeion has received a total of 109 claims timely submitted claim forms with an aggregate total of $649,408.41 This equates to approximately 87% percent of the allocated net settlement fund.

18.     These claim form submissions are still subject to final audits, including the full assessment of each claim's validity and a review for duplicate submissions. Angeion will continue to report to the Parties the number of Claim Form submissions it receives and processes.

## ADMINISTRATION COSTS

19.     Given the settlement will be paid over a lengthy period of time, and Angeion will be expected to perform multiple distributions, among other administration services during this time, Angeion has agreed to a fixed fee of $55,000 for the entire administration on this case.

## EXCLUSIONS & OBJECTIONS

20.     The deadline to submit a request for exclusion from the Settlement was on June 17, 2022. As of August 15, 2022, Angeion has not received any requests to be excluded from the Settlement.

21.     The deadline to submit an objection to the Settlement was on June 17, 2022. As of August 15, 2022, Angeion has not received any written objections.

## REMAINING TASK & DISTRIBUTION

22.     Angeion will continue to reply to Class Member inquiries. Angeion will also continue to keep the Parties apprised of the number of Claim Forms received, as well as any exclusion requests or objections received, and any documentation that is received or postmarked after the deadline.

23.     Upon issuance of a Final Order from this Court and the achievement of the benchmarks set forth in the Settlement Agreement, Angeion will cause the distribution of Settlement benefits to take place in accordance with terms of the Settlement Agreement or as otherwise directed by this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed at Chesterbrook, PA, this 15th day of August 2022

_____
Fasika Hailemichael, Declarant

# Exhibit A

*Pontones v. San Jose Restaurant, Inc., et al*
*Settlement Administrator*
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

[Código de barras]
[primer nombre] [Last Name]
[Dirección Postal 1]
[Dirección Postal 2]
[Ciudad, Estado, ZIP]

## FORMULARIO DE RECLAMO Y CONSENTIMIENTO PARA UNIRSE

Identificación de aviso[00ID]  Codigo de confirmación[codigo]

Para recibir un pago en virtud del Acuerdo del Acuerdo, complete y envíe oportunamente este Formulario de reclamación al Administrador del Acuerdo. Para que se consideren oportunos, estos formularios deben tener matasellos a más tardar el **17 de junio de 2022**, si se devolvieron por correo de los EE. UU., o se recibieron antes del **17 de junio de 2022**, si se presentaron en línea o se devolvieron por fax o correo electrónico. **ENVÍE LOS FORMULARIOS DE RECLAMACIÓN COMPLETOS ANTES DEL 17 DE JUNIO DE 2022 A:**

*Pontones v. San José Restaurant, Inc., et al Administrador de Acuerdo*
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
Fax: 215-525-0209
**E-mail:** info@SanJoseSettlement.com

Yo, mediante lo presente, opto unirme a este acuerdo según Sección 216(b) de la Ley de Normas Justas de Labor ("Fair Labor Standards Act") 29 U.S.C. §§ 201, *et seq*. ("FLSA"), autorizo Consejero de la Clase para representarme en esta Acuerdo, y concuerdo en abandonar y desligar toda y cualesquier demanda bajo la ley federal de Normas Justas de Labor ("Fair Labor Standards Act", "FLSA") , Ley de Norte Carolina de Sueldos y Horas ("North Carolina Wage and Hour Act", "NCWHA"), y cualquier otra demanda relacionada con pagos, leyes y regulaciones, desde el comienzo de mi empleo con San José Restaurants ("San José") hasta el Día de Ejecución del acuerdo, incluyendo, pero no limitado a, denuncias por pagos atrasados, daños liquidados, penalidades, interés, y honorarios de abogados, costos, y gastos. Además:

1.      Yo deseo participar en el acuerdo propuesto si llegara a ser aprobado por el Tribunal.

2.      Yo entiendo que, si el acuerdo es aprobado por el Tribunal, yo recibiré un cheque   antes de la deducción de impuestos. Sin embargo, si necesito detalles sobre el premio estimado, debería llamar al Consejo de Clase al (919) 741-8693.

3.      Yo entiendo que tengo que mantener al Administrador del Acuerdo informado de cualquier cambio de mi dirección residencial. Si no lo hago, yo entiendo que tal vez no recibiré ningún pago por parte de esta resolución a cuál yo tal vez tenga derecho de recibir de otros modos.

_____          _____
Firma                                    Fecha

7

**Use el dorso del formulario para actualizar su dirección.**
**Para recibir un pago del acuerdo, usted tiene que entregar un firmado formulario de reclamo antes del 17 de junio de 2022**

---

Actualizaciones de Nombre y Dirección:

*Si su nombre o dirección postal difiere de lo que aparece impreso arriba, favor de proveer la información actualizada abajo:*

Primer Nombre: _____     Inicial: _____     Apellido(s): _____

Dirección Postal: _____     Apt./Unidad: _____

Ciudad: _____     Estado: _____     Código Postal: _____

---

**Entregue el formulario de reclamo y cualquier actualización de dirección a:**

*Pontones v. San José Restaurant, Inc., et al Administrador de Acuerdo*
c/d Administración de Reclamos
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
Fax: 215-525-0209
**E-mail:** info@SanJoseSettlement.com

2

**NOTIFICACION A MIEMBROS DE LA CLASE REF: PENDENCIA DE UNA ACCION DE CLASE Y AUDIENCIA DE PROPUESTO ACUERDO**
*Pontones v. San José Restaurant, Incorporado, et al.*
Tribunal del Distrito de EE. UU., Distrito Oriental de Norte Carolina, Núm. de caso 5:18-CV-219-D

**SI USTED TRABAJO COMO MESERO/A EN UNA LOCACIÓN DE LOS RESTAURANTES DE SAN JOSE, POR FAVOR LEA ESTA NOTIFICACIÓN SOBRE SUS DERECHOS.**

- Un tribunal autorizó esta notificación. Lo presente no es una solicitud de un abogado.

- Una camarera quien antes trabajaba para San José en dos de sus restaurantes ubicados en Raleigh, NC, ha sometido una demanda en contra de San José Restaurants, afirmando que San José no le pagaba a los camareros un sueldo por hora, incluyendo su sueldo por horas regulares y el sueldo elevado por horas extras de trabajo, por todas las horas trabajadas, y que indebidamente tomó deducciones de las propinas de los camareros.

- Hasta el momento el Tribunal no ha abordado el asunto si es que San José Restaurants hizo algo indebido, y San José Restaurants niega haber hecho alguna cosa indebida. Las partes han propuesto un acuerdo para resolver este caso, y el Tribunal ha autorizado notificación de dicho propuesto acuerdo a la gente quienes quizás califican para participar en él. Los registros de San José indican que usted tiene el derecho de recibir esta notificación y, si usted devuelve el formulario de reclamo, usted recibiría un pago monetario bajo el acuerdo.

- ***Sus derechos legales son afectados, aunque usted actúa o no.*** Estas opciones se explican a continuación.

| ESTOS SON SUS DERECHOS LEGALES Y OPCIONES EN ESTE ACUERDO: | |
|---|---|
| **DEVUELVA EL FORMULARIO DE RECLAMO, RECIBE UN PAGO BAJO EL ACUERDO** | **Para recibir un pago del acuerdo,** si el Tribunal aprueba el acuerdo, **usted tiene que llenar el formulario de reclamo enviado con esta notificación** y devolverlo al Administrador del Acuerdo. Usted igualmente será vinculado por el abandono de demandas explicado abajo. |
| **HAGA NADA, No RECIBIRÁ UN PAGO BAJO EL ACUERDO** | **Si usted no hace nada,** y no devuelve el formulario de reclamo, **usted no recibirá un pago bajo el acuerdo,** pero usted tal vez sea vinculado por el abandono de demandas explicado abajo. Si usted no devuelve un formulario de reclamo, su porción monetaria del acuerdo será devuelto a San José. |
| **OPTA POR NO PARTICIPAR, No RECIBIRÁ UN PAGO BAJO EL ACUERDOLA RESOLUCIÓN** | **Usted puede pedir ser excluido** del acuerdo. Si usted pide una exclusión, **usted no recibirá un pago bajo el acuerdo** y usted no será vinculado por el abandono de demandas explicado abajo. Si usted pide ser excluido del acuerdo, su porción monetaria del acuerdo será devuelta a San José. |

**USTED TIENE QUE DEVOLVER EL FORMULARIO ADJUNTO DE RECLAMO ANTES DEL 17 DE JUNIO DE 2022 PARA RECIBIR UN PAGO DE ESTA RESOLUCION.**

**INFORMACION BASICA**

| 1. | ¿Por qué recibí esta notificación? ¿De qué se trata esta demanda? |
|---|---|

Usted ha recibido esta notificación porque los registros indican que usted trabajo durante el plazo relevante de camarero/a

3

para San José en Norte Carolina. La Demandante Laura Pontones ha demandado a San José, en nombre de ella y otros camareros/as igualmente situados. La Demandante afirma que San José Restaurants no le pagó a camareros/as por sus horas trabajadas, incuyendo, pero no limitado a (1) sueldo mínimo; (2) pago adicional para horas extras trabajadas en exceso de 40 horas semanales; y (3) deducciones illegales que se tomaron de las propinas delos camareros/as. La Demandante afirma que San José Restaurants violó la ley federal conocida como la Fair Labor Standards Act ("Ley de Normas Laborales Justas" "FLSA" por sus siglas en inglés) 29 U.S.C. § 216(b), y la North Carolina Wage and Hour Act ("Ley de Sueldos y Horas de Norte Carolina," "NCWHA" por sus siglas en inglés), N.C. Gen. Stat. §§ 95-25.6, 95-25.22(a), (a1), y (d).

Usted tiene el derecho de saber de un propuesto acuerdo de una demanda de clase, y sus opciones, antes de que el Tribunal decide si aprobará el acuerdo. Si el Tribunal aprobara el acuerdo, y después de la resolución de cualquier apelación, un administrado designado por el Tribunal hará los pagos aquí descritos.

El Tribunal a cargo de la causa es el Tribunal de Distrito de Estados Unidos para el Distrito Oriental de Norte Carolina, y la causa se conoce como *Pontones v. San José Restaurant, Incorporado, et al.*, Núm. de Causa 5:18-cv-219-D. El individuo quién demanda se identifica como el Demandante, y las compañías a cuáles ella ha demandado, operando colectivamente como San José Mexican Restaurants, se identifican como los Demandados.

Litigar un caso es arriesgozo, y ninguna parte puede predecir el resultado final con certeza. Como resultado, la Demandante Pontones y su representación legal, han concluido, después de una cuidadosa consideración de los hechos y circunstancias después del intercambio de extensa información de datos y participación en una mediación, que la propuesta resolución es justa, razonable, y adecuada, y es a favor de los mejores intereses de los demandantes y miembros de la clase(s) quienes han optado por participar. Este acuerdo evita los gastos e inconveniencia asociada con un litigio prolongado y a la vez provee beneficios financieros a los demandantes y miembros de la clase quienes han optado por participar

Demandados niegan toda afirmación en la demanda y mantienen que no han participado en alguna acción ilícita. San José Restaurants han decidido resolver este asunto y hacer pagos a empleado actuales y previos solo para el propósito de evitar una disrupción en sus negocios y gastos de litigio adicionales.

## QUIEN SE INCLUYE EN LA NOTIFICACION Y ACUERDO

| 2. | ¿Soy yo parte del acuerdo? |
|---|---|

Usted puede califica para participar en la resolución si usted estaba empleado/a como camarero/ra por San José entre el 17 de mayo, 2015, y lo presente.

**Si usted devuelve el formulario adjunto de reclamo antes de la fecha tope, usted es parte de la clase FLSA, y recibirá un pago.**

**Si usted era camarero/ra para San José en Norte Carolina después del 17 de mayo, 2015, usted califica como parte de la clase. Usted todavía tendrá que devolver el formulario de reclamo para recibir un pago.**

## LOS BENEFICIOS DE LA RESOLUCION -- LO QUE USTED RECIBIRA

| 3. | ¿Qué Provee el Acuerdo Propuesto? |
|---|---|

La cantidad total de la resolución es $1,500,000. Esta cantidad mayormente será asignada a camareros/as actualmente y previamente empleados por San José Restaurants quienes califican para la resolución, pero también será usado para cubrir los honorarios y gastos del los abogados otorgados por el Tribunal, los gastos del Administrador del Acuerdo, y cualquier asignación del premio de servicio para la Demandante Pontones y otros individuos quienes previamente optaron por participar en esta demanda, ("Opt-in Plaintiffs") o quienes de algún modo ayudaron considerablemente con este litigio, hasta un grado aprobado por el Tribunal. Debido a que la cantidad de resolución, aparte de honorarios, costos, y premios por servicio, será otorgados para premios individuales para empleados quienes califican, si es que empleados que califiquen no someten un formulario de reclamo, la porción de esta resolución asignada a ellos no será pagada, y lo cual reduciría la cantidad total de la resolución.

4

Los Demandantes le pedirán al Tribunal que le asigne a la Demandante Nombrada Laura Pontones y demandantes participantes/Miembros de Clase Angel Berber, Jackie Bullard, Vicente Urbina, Tianya Locklear, Imran Shafiq Khan, Carolina San Agustin, Oscar Torres, Olivia Pineda, Sandy Johnson, y Kathy Johnson una asignación de servicio colectiva de $175,000 como premio de servicio, esta cantidad será dividida entre estos individuos según los términos en Sección III.B.3 del acuerdo de resolución entre las partes fechada el 25 de marzo, 2022 (el "Acuerdo de Resolución"). Los premios de servicio solicitados se les pagaran a estas personas además de su pago regular de liquidación, por el papel que desempeñaron como demandante nombrado o demandante participante/miembro de clase y enjuiciar esta demanda en nombre de todo los Miembros de Clase, su ayuda y apoyo en enjuiciar esta causa, y por el abandono de reclamos ensanchados que ellos proveerán. El Tribunal no ha decidido aprobará estas cantidades. El Tribunal puede negar estas peticiones o asignar una cantidad menos de la que se esta pidiendo. El tribunal tomará una decisión referente a la razonabilidad de estas peticiones en una fecha posterior.

Para información sobre su pago, favor de llamar a la oficina del Consejo de Clase al (919) 741-8693. Fue calculado según lo descrito en párrafo 9, abajo.

| 4. | ¿Qué Estoy Abandonando Si Permanezco en el Acuerdo? |
|---|---|

Si usted es parte de la clase, y usted no se excluye de esta resolución antes del **17 de junio de 2022** usando el procedimiento explicado abajo en Sección 10, usted será considerado como si haga liberado y descargado a San José Restaurants de toda y cualquier demanda para siempre, sea afirmada o no asediada, de cualquier tipo en absoluto, que tenga que ver con horas trabajadas o el pago de sueldo debido, que surgieron o surgirán antes de la fecha de la aprobación final del acuerdo de resolución por parte del Tribunal, excepto en la medida en que tales reclamos en cuestión no se pueda renunciar/ por razón de la ley vigente. Eso significa que usted abandonará toda demanda relacionada con horas trabajadas o el pago de sueldo debido que puedan surgir antes del **29 de marzo de 2022**, aun que no son reclamaciones afirmadas en este Litigio. Sin embargo, si usted no se excluye, pero tampoco envia un formulario de reclamo, usted no renunciara a sus reclamaciones en virtud de la Ley de Normas Justas de Labor ("Fair Labor Standards Act"), solo otro reclamos relacionados con horas trabajadas y sueldo no pagados, y usted no recibirá un pago de liquidación.

Si usted es parte de la clase FLSA y usted entrega el formulario de reclamo, entonces usted será sujeto a la misma renuncia de los reclamos. Eso significa que usted renunciaría a todos los reclamos relacionados con sueldos y horas trabajadas que surjan antes del **29 de marzo de 2022**, aun si no son reclamaciones afirmadas en este Litigio. Si usted es parte de la clase FLSA y usted **no devuelve** el formulario de reclamo, usted **no** será vinculado por los términos de renuncia de los reclamosy usted se quedara con el derecho de demandar a los Demandados por cualquier demanda válida relacionada con sueldos o horas trabajadas, sujeto al estatuto de limitaciones y cual quier otra defensa que los Demandados puedan tener.

Este abandono de demandas en contra de los Demandados específicamente incluye, sin limitación:

(i) toda y cualquier demanda afirmada en el litigio; y

(ii) toda y cualquier demanda relacionada con sueldo no pagado, sueldo mínimo, sueldo debido por horas adicionales, represalias por haberse quejado del sueldo o por haber afirmado demandas relacionadas con el sueldo y su pago y/o cualquier otro demanda de cualquier otro tipo, o cualquier otra demanda relacionada con el sueldo debido o pagado o relacionada con el manejo de registros, daños o alivio de cualquier tipo, incluyendo pero no limitado a el FLSA federal, 29 U.S.C. § 201, et seq., y toda y cualquier demanda bajo la ley estatal de Norte Carolina, incluyendo pero no limitado a North Carolina Wage and Hour Act ("NCWHA"), N.C. Est. Gen. § 95-25.1, et seq.; o cualesquier estatutos y/o regulaciones regulando horas de trabajo, sueldo, el pago de sueldo debido, demandas relacionadas con el pago de sueldo debido o el manejo de registros, el pago de sueldo mínimo, y/o el pago de compensación por horas adicionales trabajadas; y (iii) toda y cualquier demanda bajo ley estatal y federal por sueldos ganados, sueldos debidos por horas adicionales trabajadas, y/o descansos de comida perdidos o interrumpidos, incluyendo dichos reclamos por incumplimiento de contrato expreso o acuerdo laboral, contrato implícito, dinero recibido y recibido en suposición, merito/enriquecimiento injusto, fraude, negligente representación falsa, impedimento equitativo, impedimento promisorio, conversión, y falta mantener registros

5

confiables y correctos.

Este abandono no aplica a cualquier demanda entablada por cualquier Miembro de Clase para discriminación en violación de ley estatal o federal (menos la Demandante Nombrada y Selectos Demandantes Participantes), o cualquier demanda de cualquier tipo brotando el mismo día, o después de esa fecha, en cual la resolución ha recibido aprobación final del Tribunal de Distrito de EE. UU. para el Distrito Oriental de Norte Carolina.

## LOS ABOGADOS RESPRESENTANDO A USTED

| | |
|---|---|
| **5.** | **¿Tengo Yo un Abogado en esta Causa?** |

Demandantes participantes y miembros de clase quienes no piden ser excluidos de la resolución cuentan con la representación extendida por los siguientes abogados y bufete en esta causa:

Gilda Adriana Hernández, Esq.
Charlotte Claire Smith, Esq.
**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
1020 Southhill Drive, Suite 130
Cary, NC 27513
(919) 741-8693
www.gildahernandezlaw.com
rkreuz@gildahernandezlaw.com

EL Tribunal ha decidido que estos abogados y bufete son debidamente capacitados para representar los miembros de clase de la resolución en esta causa. Los abogados se identifican como "Consejo de la Clase." Usted se puede comunicar con Consejo de la Clase si usted tiene preguntas alguna sobre la causa. Si usted desea ser representado por su propio abogado, usted puede contratar uno a su propio gasto.

| | |
|---|---|
| **6.** | **¿Cómo Serán Pagados los Abogados?** |

Consejo de la Clase le pedirán al Tribunal que apruebe un pago de hasta un tercio de la cantidad bruta de la resolución ($500,000), para compensarles por sus servicios brindados en este asunto. Consejo de la Clase además le pedirán al Tribunal que apruebe reembolsarles para los gastos incurridos en litigar esta causa, cuales al momento se estima ser aproximadamente $20,000. Consejo de la Clase registrarán una petición con el Tribunal detallando la base para sus gastos pedidos y honorarios. En una fecha posterior, el Tribunal decidirá si es que la petición presentada por los Consejo de la Clase es razonable. Si el Tribunal no aprueba la cantidad total de la petición para gastos y honorarios, entonces los fondos no asignados serán agregados a la cantidad disponible para ser repartido entre la clase/colectivo.

## COMO USTED RECIBE EL PAGO -- ENTREGANDO UN FORMULARIO DE RECLAMO

| | |
|---|---|
| **7.** | **¿Cómo Puedo Yo Recibir un Pago?** |

Para recibir un pago de la resolución, usted tiene que rellenar y firmar el formulario de reclamo y devolverlo puntualmente al administrador de la resolución por Servicio Postal de EE. UU. en el adjunto sobre, cual ya carga con franqueo pagado, enviado con esta notificación, o por email www.SanJoseSettlement.com.

Para que sea considerado puntual, cualquier completado formulario devuelto al administrados de la resolución por Servicio Postal EE. UU. tiene que cargar con un matasello, al más tardar, de **17 de junio de 2022**. Cualquier formulario completado devuelto al administrador de la resolución por fax o e-mail tiene que ser recibido, al más tardar, el **17 de junio de 2022.**

Si usted pierde, se le extravía, o necesita otro ejemplar de uno de estos formularios, usted se puede contactar con el administrador de la resolución mediante e-mail al info@SanJoseRestaurantsSettlement.com para pedir una nueva copia.

| 8. | ¿Cuánto Puedo Esperar Recibir? |
|---|---|

La cantidad de su pago individual se encuentra impreso en el adjunto formulario de reclamo. Su pago depende de (1) la cantidad de semanas laborales que usted trabajo durante el Plazo de Tiempo de la Clase, tal como también la cantidad de horas trabajadas, incluyendo horas adicionales que usted habrá trabajado cada semana; y (2) un promedio de la cantidad deducida cobrada o restada de las propinas de los camareros/as.

Su pago estimado fue calculado usando las fórmulas detalladas en el acuerdo de resolución y asumiendo que el Tribunal aprueba las demás cantidades pedidas cuales serán pagadas de la Cantidad Bruta de la Resolución, cuales se consideraron en Sección 3. Si el Tribunal no aprobara la cantidad completa de estos otros pagos, su pago asignado podrá aumentar.

Cada pago final de la resolución será separado en dos cantidades: 50% será apartado para reclamos afirmados en la demanda para daños relacionados con el pago de sueldo debido, y 50% será apartado para reclamos afirmados en la demanda para daños liquidados y otro alivio. La porción apartada para reclamos afirmados en esta demanda para horas adicionales de trabajo no pagadas y otros daños relacionados será sujeto a toda autorizada y requerida deducción, tal como si fuera parte de su cheque de pago regular, incluyendo, pero no limitado a, impuestos locales, estatales, y federales, embargos, orden judicial para manutención, y gravámenes/retenciones relacionadas con impuestos debidos. La porción apartada a reclamos relacionados con sueldo debido será informada usando un Formulario del I.R.S. W-2. La porción apartada a daños liquidados y otro alivio será informado como ingresos no-salariales e informado usando en Formulario del I.R.S. 1099.

| 9. | ¿Cuándo Recibiría Yo Mi Pago? |
|---|---|

Si usted califica para participar en la resolución y puntualmente entrega el formulario descrito arriba en Sección 8, se le enviará un cheque de la resolución después de que los Demandados finalicen el pago del fondo de la resolución bruta. Sin embargo, antes de que la resolución sea efectiva, los miembros de la clase de la resolución tendrán que ser dados tiempo para presentar alguna objeción a la resolución u optar por no participar, el Tribunal tiene que efectuar una audiencia para considerar la equidad de la resolución y conceder su aprobación final de la resolución, y cualquier apelaciones de la orden del Tribunal concediendo aprobación final tendrá que ser resueltas. Por favor, tenga paciencia.

Por favor, este alento desu correo y cobre su cheque inmediatamente cuando lo recibea. **Usted tendrá 180 días desde la fecha en cual el cheque se emita para cobrarlo.** Después de 180 días, el cheque se considerará inválido. El acuerdo de la resolución provee que cualquier cantidad de cheques anulados o no-cobrados sea devueltos a San José.

## EXCLUYENDOSE DE LA RESOLUCION

| 10. | ¿Cómo Me Salgo de la Resolución? |
|---|---|

Si usted no desea ser parte de esta resolución, usted puede elegir "optar por no participar" al excluirse de esta acción, fallo. resolución y fallo. Los miembros de la clase quienes optan por no participar, y miembros de la clase de FLSA quienes no devuelven un formulario de reclamo, mantendrán su libertad de someter un reclamo, sujeto al estatuto de limitaciones aplicable. Podran iniciar una demanda en contra de San José Restaurants cuales son cubiertos por esta resolución y relevo, contra cuales San José Restaurants presentaría una defensa y iniciaría un litigio. Si usted desea no participar, usted no podrá protestar esta resolución. La fecha tope para optar de no participar es el **17 de junio de 2022**.

Esta fecha tope es final, y formularios no matasellados antes de la fecha tope no serán reconocidos. **SI USTED DESEA NO PARTICIPAR EN ESTA RESOLUCION, USTED NO RECIBIRA UN PAGO.**

Para informar que usted no desea participar, usted tiene que entregar una declaración por escrita al administrador de la resolución expresamente declarando que usted desea ser excluido de la resolución. Las peticiones pidiendo ser excluido deben declarar en el título de la carta "Request for Exclusion from Settlement en *Pontones v. San Jose Restaurant, Incorporated, et al.*, Case No. 5:18-cv-219-D" ("*En español, Petición Pidiendo Exclusión de la Resolución Pontones c. San José Restaurant, Incorporado, et al., Núm. de Caso 5:18-cv-219-D*"). Además, asegúrese de incluir su nombre y apellido(s),

dirección postal, número de teléfono, y firma.  Todas las peticiones por escritas pidiendo exclusion tienen que ser enviadas por correo usando Servicio Postal de EE. UU., Primera Clase ("First Class") y ser matasellladas, al más tardar, el **17 de junio de 2022** a:

*Pontones v. San Jose Restaurant, Inc., et al Settlement Administrator c/o*
Administrador de liquidacion
ATTN: Solicitud de exclusion
P.O. Box 58220
Philadelphia, PA 19102

Usted no se puede excluir por teléfono o e-mail.  Las peticiones para ser excluido que no tengan toda la información requerida, o que no cargen con un matasello puntual, serán considerados nulos, inválidos, e ineficaces.

---

**11.      Si Yo No Me Excluyo, ¿Puedo Demandar A Este Demandado Por la Misma Cosa Más Tarde?**

---

Si usted está recibiendo esta notificación, usted ha sido identificado como miembro de la clase para los propósitos de esta demanda.  Como miembro de la clase, a menos que usted se excluye, usted abandona cualquier derecho de poder demandar al demandado por las cosas que esta resolución resuelve, cuales se encuentran detalladas arriba en Sección 4 Si usted tiene una demanda pendiente afirmando reclamos que están resolviendo en este acuerdo de resloucion, hable con su abogado inmediatamente.  Usted tiene que excluirse de esta resolución para continuar con su propia demanda en contra de San José Restaurants sobre las demandas resueltas por esta resolución.

---

**12.      Si Me Excluyo de la Resolución, ¿Puedo Recibir Dinero de Esta Resolución?**

---

No.

## PROTESTANDO ESTA RESOLUCION

---

**13.      ¿Cómo Protesto o le Comunico al Tribunal que no Estoy de Acuerdo con esta Resolución?**

---

Usted le puede pedir al Tribunal que niegue la aprobación de la resolución al registrar una objeción con el Tribunal.  Usted no le puede pedir al Tribunal a que ordene una resolución diferente; el Tribunal solamente puede aprobar o negar la resolución.  Si el Tribunal niega la aprobación, los pagos de resolución no serán enviados y la demanda continuará.  Si eso es lo que usted prefiere, usted tiene que registrar una objeción.

Para registrar una objeción, usted tiene que enviar una carta al Tribunal, Consejo Legal de la Clase, y consejo legal para San José Restaurants ofreciendo las razones por cuales usted objeta a la resolución propuesta.  El titulo de su carta debe ser identificado con el nombre y número de caso de esta demanda ("*Pontones v. San Jose Restaurant, Inc., et al.*, Case No. 5:18-cv-219-D") y necesita incluir:  (i) su nombre completo con apellido(s), dirección postal, número de teléfono, las fechas aproximadas de su empleo con San José Restaurants, y el/los restaurant/es en cuales usted trabajó; y  (ii) cada razón específica para su objeción, incluyendo cualquier apoyo legal o prueba que usted tenga para su soportar su objeción.

**Usted tiene que enviar copias de la objeción al Tribunal, Consejo Legal para la Clase, y consejo legal para San José Restaurants (a la dirección abajo), matasellado al más tardar el 17 de junio de 2022:**

| EL TRIBUNAL | CONSEJO LEGAL DE LA CLASE | CONSEJO LEGAL PARA LOS |
|---|---|---|
| Clerk of Court | Gilda A. Hernandez, Esq. | |
| U.S. District Court for the Eastern | Charlotte C. Smith, Esq. | DEMANDADOS |
| District of North Carolina | **THE LAW OFFICES OF** | |
| 310 New Bern Avenue | **GILDA A. HERNADNEZ, PLLC** | James Larry Stine |
| | 1020 Southhill Dr., Ste. 130 | **WIMBERLY, LAWSON, STECKEL,** |
| Raleigh, NC 27611 | Cary, NC 27513 | **SCHNEIDER & STINE, P.C.** |
| | | 3400 Peachtree Rd., NE |
| | | Suite 400, Lenox Towers |
| | | Atlanta, GA 30326 |
| | | Albert J. Bolet (GA Bar No. 065785) |
| | | Hipolito M. Goico (GA Bar No. 299195) |
| | | **GOICO & BOLET, P.C.** |
| | | 2021 North Druid Hills Road, N.E. |
| | | Suite 200 |
| | | Brookhaven, GA 30329 |

Si usted registra puntualmente una objeción por escrito, usted podría presentarse (pero no se le requiere) en la Audiencia de Equidad y Justicia, descrita en Sección 16, en persona o a través de su propio abogado. Si usted se presenta a través de su propio abogado, usted será responsable por contratar y pagar ese abogado.

| **14.** | **¿Qué Pasa si el Tribunal Opone mi Objeción?** |
|---|---|

El Tribunal considerará cualquier objeción que se registre puntualmente. Sin embargo, esto no significa que el Tribunal necesariamente tomará acción basada en cualquier objeción. Si el Tribunal opone su protesta, usted todavía será vinculado por los términos y condiciones de la resolución y la liberación de reclamos explicado arriba en Sección 4.

Además, si es su intención oponer esta resolución, pero todavía desea recibir un pago de la resolución, usted tiene que registrar puntualmente el formulario de reclamo requerido, como esta descrito arriba en Sección 7. Si el Tribunal aprueba la resolución a pesar de sus objeciones, y usted no ha registrado puntualmente el formulario necesario para recibir un pago de resolución, usted no recibirá un pago de resolución.

| **15.** | **¿Qué es la Diferencia entre Objetar y Excluirse?** |
|---|---|

Objetar es decirle al Tribunal que no le gusta alguna parte de la resolución. Usted puede objetar solamente si usted permanece en la resolución. Si usted se excluye de la demanda, usted está diciendole al Tribunal que usted no desea ser parte de la demanda ni de la resolución. Si usted pide ser excluido de la demanda, usted no tiene ninguna base para registrar una objeción en contra de la resolución, porque la causa a usted no le afecta.

## LA AUDIENCIA DE EQUIDAD Y JUSTICIA DEL TRIBUNAL

| **16.** | **¿Dónde y Cuándo Decidirá el Tribunal si Aprobará la Resolución?** |
|---|---|

El Tribunal preliminarmente autorizo esta resolución el **29 de marzo de 2022**. El Tribunal realizará una audiencia final (a veces llamada una Audiencia de Equidad y Justicia) para esta resolución el **15 de julio de 2022**|\ a las **1:00 pm**. Esta audiencia se efectuará en la Sala de Audiencia **_1_** del Tribunal de Distrito de EE. UU. para el Distrito Oriental de Norte Carolina ubicado en el 310 New Bern Avenue, Raleigh, Norte Carolina, 27611, Juez James C. Dever III presidiendo. Después de la audiencia, el Tribunal decidirá si aprobará la resolución, o no. No sabemos cuánto tiempo se demorará esta decisión.

| **17.** | **¿Tengo Yo que Ir a la Audiencia?** |
|---|---|

No. Su presencia en la audiencia es algo completamente opcional. Su presencia no se requiere para que usted participe u opte por no participar en la demanda.

| **18.** | **¿Puedo Yo Hablar Durante la Audiencia?** |
|---|---|

Usted le puede pedir al Tribunal permiso para hablar durante la Audiencia de Equidad y Justicia. Para pedir hablar, usted tieneque enviar una carta diciendo que es su "Notice of Intention to Appear at Hearing on Final Approval of Class Settlement in *Pontones v. San Jose Restaurant, Incorporated, et al.*, Case No. 5:18-cv-219-D" (*En español, "Notificación de su Intención de Presentarse en la Audiencia para la Aprobación Final de Resolución de Clase en Pontones v. San José Restaurant, Incorporado, et al., Núm. de Caso 5:18-cv-219-D*). Asegúrese de incluir su nombre con apellido(s), dirección postal, número de teléfono, y firma. Su notificación de intención para presentarse tiene que ser matasellado, al más tardar, el **17 de junio de 2022**, y ser enviado al Actuario del Tribunal, Consejo Legal de Clase, y Consejo Legal para San José a una de las direcciones indicadas arriba en Sección 13. Usted no puede hablar en la audiencia si usted ha optado por no participar en la demanda.

## SI NO HACE NADA

| **19.** | **¿Qué Pasa si Yo No Hago Nada en Absoluto?** |
|---|---|

Usted tiene el derecho de hacer nada. Sin embargo, si usted no hace nada, usted no recibirá ninguna parte del dinero de esta propuesta resolución. Además, a menos que usted puntualmente someta una petición de exclusión por escrito usted será vinculado por las órdenes del Tribunal en esta demanda y por la liberación de demandas explicada arriba en Sección 4. Usted no podrá iniciar una acción legal, continuar con una acción legal, o ser parte de cualquier otra acción legal en contra de San José con respeto a los reclamos resueltos por esta resolución.

# PROHIBICION DE REPRESALIAS O DISCRIMINACION

| |
|---|
| **20.  Si Soy Un Empleado Actual, ¿Experimentaré Represalia o Discriminación Alguna?** |

No.  Está en contra de la ley tomar alguna represalia o discriminar en contra de un empleado quien decide participar en este acuerdo de resolución.  San José Restaurantes no discriminará o tomará represalia alguna en contra suya de manera alguna debido a su decisión de participar, o no participar, en esta demanda o resolución.

## RECIBIENDO MAS INFORMACION

| |
|---|
| **21.  ¿Hay Más Detalles Sobre la Resolución?** |

Esta notificación resume los términos básicos de la propuesta resolución. Más información estará es disponible por parte del administrador de la resolución y/o Consejo Legal de la Clase. Vea Sección 5 arriba.

Más detalles de la resolución también se contienen en la estipulación de la resolución y los alegatos y otros documentos relacionados a la demanda cuales se encuentran archivados con el Tribunal de Distrito de EE. UU. para el Distrito Central de Norte Carolina.  Copias de la estipulación completa de resolución y otros documentos selectos en esta demanda se encuentran disponibles al contactar al Consejo Legal de la Clase. Los datos de contacto para el Consejo Legal de Clase se encuentran arriba en Sección 5.

| |
|---|
| **22.  ¿Cómo Recibo Yo Más Información?** |

Esta notificación resume los términos básicos de la propuesta resolución. Mas detalles están disponibles en el Acuerdo de Resolución. Copias del acuerdo, están disponible en [www. Website.com].  Usted también le puede escribir a *Pontones v. San Jose Restaurant, Incorporated, et al.,* Settlement Administrador, c/o Angeion Group 1650 Arch St. Suite 2210, Philadelphia, PA 19103, o enviar un e-mail al Administrador de la Resolución al info@SanJoseRestaurantsSettlement.com. Además, vea Sección 5 para los datos de contacto del Consejo Legal para la Clase.

**FAVOR DE NO LLAMAR AL TRIBUNAL, LA ACTUARIA DEL TRIBUNAL, O SAN JOSE RESTAURANT, INC., O SU CONSEJO LEGAL DE SAN JOSE SOBRE ESTA RESOLUCION**.

Si, en el futuro o para cualquier envío de correo, usted desea cambiar su nombre o dirección postal indicada en el sobre en que esta Notificación fue enviada, favor de informarle al administrador de resolución de su nueva dirección postal. Usted puede hacer esta por enviar una carta a:

*Pontones v. San Jose Restaurant, Incorporated, et al.*, Settlement Administrador
c/o Angeion Group
1650 Arch St. Suite 2210
Philadelphia, PA 19103
info@SanJoseRestaurantsSettlement.com

*Pontones v. San Jose Restaurant, Inc., et al*
*Settlement Administrator*
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

[Barcode]
[First Name] [Last Name]
[Street 1]
[Street 2]
[City, State ZIP]

## CLAIM FORM AND CONSENT TO JOIN

To file electronically, login at www.SanJoseSettlement.com and enter your Notice ID and Confirmation Code.
**Notice ID**: [00 ID]  **Confirmation Code**: [Code]

**For information regarding your estimated award, please contact Class Counsel at (919) 741-8693.**

In order to receive a payment under the Settlement Agreement, please complete and timely submit this Claim Form to the Settlement Administrator. To be considered timely, these forms must be postmarked by no later than June 17, 2022, if returned by U.S. Mail or received by June 17, 2022, if filed online or returned by fax or e-mail. **SEND COMPLETED CLAIM FORMS BY JUNE 17, 2022, TO:**
*Pontones v. San Jose Restaurant, Inc., et al Settlement Administrator*
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
Fax: 215-525-0209
**E-mail:** info@SanJoseSettlement.com

I, hereby opt into this settlement pursuant to Section 216(b) of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), authorize Class Counsel to represent me in this Settlement, and agree to waive and release any and all claims under the federal Fair Labor Standards Act ("FLSA"), North Carolina Wage and Hour Act ("NCWHA"), and any other wage-related claims, laws, and regulations, from the start of my employment with San Jose Restaurants ("San Jose") through the Effective Date of the settlement, including, but not limited to, claims for back pay, liquidated damages, penalties, interest, and attorneys' fees, costs, and expenses.  Further:

- I wish to participate in the parties' proposed settlement if approved by the Court.

- I understand that if the settlement is approved by the Court, I will receive a check with an estimated amount before taxes.

- I understand that I must keep the Settlement Administrator informed of any change in my address.  If I do not do so, I understand that I may not receive any settlement payment that I might otherwise be entitled to receive.

_____          _____
          Signature                                      Date

**Use back of form for address updates**
**In order to receive a settlement payment, you must submit a signed claim form by June 17, 2022.**

---

Name and Address Updates:

*If your name or address is different from what is printed above, please provide updated information below:*

First Name: _____    MI: ____    Last Name: _____

Mailing Address: _____    Apt/Unit: _____

City: _____    State: _____    Zip Code: _____

---

**Submit signed claim form and any address updates to:**

*Pontones v. San Jose Restaurant, Inc., et al Settlement Administrator*
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
**E-mail:** info@SanJoseSettlement.com

## NOTICE TO CLASS MEMBERS RE: PENDENCY OF A CLASS ACTION AND HEARING ON PROPOSED SETTLEMENT

*Pontones v. San Jose Restaurant, Incorporated, et al.*
U.S. District Court, Eastern District of North Carolina, Case No. 5:18-CV-219-D

### IF YOU WORKED AS A SERVER AT A SAN JOSE RESTAURANT, PLEASE READ THIS NOTICE ABOUT YOUR RIGHTS.

- A court authorized this notice. This is not a solicitation from a lawyer.

- A former server who worked for San Jose at two of their Raleigh, North Carolina, locations has sued San Jose, claiming San Jose did not pay servers hourly wages, including regular straight-time and premium overtime wages, for all hours worked, and improperly took deductions from servers' tips.

- The Court has not yet addressed whether San Jose did anything wrong, and San Jose denies any wrongdoing. The parties have proposed a settlement of this case, and the Court has authorized notice of that proposed settlement to people who may be eligible to participate in it. San Jose records indicate you are entitled to receive notice and, if you return the claim form, would receive a monetary payment under the settlement.

- ***Your legal rights are affected whether you act or not.*** These options are explained below.

| HERE ARE YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **RETURN A CLAIM FORM, RECEIVE A SETTLEMENT PAYMENT** | **To receive a settlement payment,** if the Court approves the settlement, **you must complete the claim form provided with this notice** and return it to the Settlement Administrator or file your claim online at [www.SanJoseSettlement.com](www.SanJoseSettlement.com). You will also be bound by the release of claims explained below. |
| **DO NOTHING, DO NOT RECEIVE A SETTLEMENT PAYMENT** | **If you do nothing**, and do not return the claim form, **you will not receive a settlement payment**, but you may still be bound by the release of claims explained below. If you do not return a claim form, your monetary portion of the settlement will be returned to San Jose. |
| **OPT OUT, DO NOT RECEIVE A SETTLEMENT PAYMENT** | **You may ask to be excluded** from the settlement. If you request exclusion, **you will not receive a settlement payment** and will not be bound by the release of claims explained below. If you ask to exclude yourself from the settlement, your monetary portion of the settlement will be returned to San Jose. |

**YOU MUST RETURN THE ENCLOSED CLAIM FORM OR FILE YOUR CLAIM ONLINE BY JUNE 17, 2022, TO RECEIVE A PAYMENT FROM THIS SETTLEMENT.**

## BASIC INFORMATION

| |
|---|
| **1.    Why Did I Get This Notice? What Is the Lawsuit About?** |

You have received this notice because records indicate that you worked during the relevant time period as a server for San Jose in North Carolina. Plaintiff Laura Pontones has sued San Jose, on behalf of herself and other similarly situated servers. Plaintiff claims that San Jose (1) failed to pay server's minimum wage; (2) failed to pay overtime premium pay for each hour they worked in excess of 40 hours per week; and (3) took unlawful deductions from Servers' tips. Plaintiff claims that San Jose violated the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.6, 95-25.22(a), (a1), and (d).

You have a right to know about a proposed settlement of a class action lawsuit, and your options, before the Court decides whether to approve the settlement. If the Court approves it and after any appeals are resolved, an administrator appointed by the Court will make the payments described here.

The Court in charge of the case is the United States District Court for the Eastern District of North Carolina, and the case is known as *Pontones v. San Jose Restaurant, Incorporated, et al.*, Case No. 5:18-cv-219-D. The individual who sued is called the Plaintiff, and the companies she has sued, collectively operating as San Jose Mexican Restaurants, are called the Defendants.

Litigation is risky, and neither side can predict the outcome with certainty.  As a result, Plaintiff Pontones and her counsel concluded, after careful consideration of the facts and circumstances following the exchange of extensive information and data and participation in a mediation, that the proposed settlement is fair, reasonable, and adequate, and is in the best interests of the opt-in plaintiffs and class members.  This settlement avoids the costs and inconvenience associated with continued litigation while providing cash benefits to opt-in plaintiffs and class members.

Defendants deny all of the claims in the lawsuit and maintain that they have not engaged in any wrongdoing. San Jose has chosen to settle this matter and make payments to current and former employees solely for the purpose of avoiding disruption to its business and further expense of litigation.

## WHO IS INCLUDED IN THE NOTICE AND SETTLEMENT

| |
|---|
| **2.    Am I Part of the Settlement?** |

You are eligible to participate in the settlement if you were a server employed by San Jose between May 17, 2015, and the present.

**If you return the enclosed claim form or file a claim online by the deadline, you are part of the FLSA class, and will receive a payment.**

**If you were a server for San Jose in North Carolina after May 17, 2015, you are part of the class. You will still need to return the claim form to receive a payment.**

# THE SETTLEMENT BENEFITS – WHAT YOU GET

| 3. | **What Does the Proposed Settlement Provide?** |
|---|---|

The total amount of the settlement is $1,500,000. This amount will mostly be allocated to the current and former servers working for San Jose who are eligible for the settlement, but it will also be used to pay for Attorneys' fees and costs awarded by the Court, the Settlement Administrator's costs, and any service awards to Plaintiff Pontones and other individuals who previously joined this lawsuit ("Opt-in Plaintiffs") or otherwise substantially assisted with this litigation, to the extent approved by the Court. Because the settlement amount other than fees, costs, and service awards, will be allocated to individual awards for eligible employees, if eligible employees do not submit a claim form, the portion of the settlement allocated to them will not be paid out, reducing the total amount of the settlement.

Plaintiffs will ask the Court to award Named Plaintiff Laura Pontones and opt-in Plaintiffs/Class Members Angel Berber, Jackie Bullard, Vicente Urbina, Tianya Locklear, Imran Shafiq Khan, Carolina San Augustin, Oscar Torres, Olivia Pineda, Sandy Johnson, and Kathy Johnson a collective $175,000 in service awards, to be divided among these individuals pursuant to the terms in Section III.B.3 of the settlement agreement between the parties dated March 25, 2022 (the "Settlement Agreement"). The service awards requested would be paid to these individuals in addition to their regular settlement payment, for their role as named plaintiff and opt-in plaintiffs/class members and prosecuting this lawsuit on the behalf of all Class Members, their assistance and support in prosecuting this case, and for the broader release of claims they will provide. The Court has not yet ruled on whether it will award these amounts. The Court may deny these requests or award less than these amounts. The Court will make a determination on the reasonableness of these requests at a later date.

For information relating to your amount due, please contact Class Counsel at the number shown below in paragraph 5. It was calculated as described in paragraph 8, below.

| 4. | **What Am I Giving Up If I Remain in the Settlement?** |
|---|---|

If you are part of the class, and you do not exclude yourself from the settlement by **June 17, 2022** using the procedure explained below in Section 10, you will be deemed to have forever released and discharged San Jose from any claims known or unknown, asserted or unasserted, of any kind whatsoever, that relate to hours worked or the payment of wages, that arose or will arise before the date of the Court's final approval of the settlement, except to the extent that any such claims may not be waived as a matter of law. That means you will waive all wage and hour claims that arise before March 29, 2022, even if they are not claims asserted in this Litigation. However, if you do not exclude yourself, but also do not submit a claim form, you will not waive your claims under the Fair Labor Standards Act, only other wage, and hour claims, and you will not receive a settlement payment.

If you are part of the FLSA class and you return the claim form, then you will be bound by the same release of claims. That means you will waive all wage and hour claims that arise before March 29, 2022, even if they are not claims asserted in this Litigation. If you are part of the FLSA class and you **do not** return the claim form, you will **not** be bound by the terms of the release and you retain the right to sue Defendant for any valid wage and hour claims, subject to the statute of limitations and any other defenses Defendant may have.

This release of claims against Defendants (which includes their parents, affiliates, and subsidiaries, and all of their successors and assigns and all owners, officers, directors, stockholders, managers, agents, employees, and representatives) specifically includes, without limitation:

(i) any and all claims asserted in the Litigation; AND

(ii) any and all claims for unpaid wages, minimum wages, overtime, late payment of wages, retaliation for complaining about wages or for asserting wage-related claims and/or any other claims of any kind, or any other

wage-related or recordkeeping-related claims, damages or relief of any kind, including but not limited to the federal FLSA, 29 U.S.C. § 201, et seq., any and all claims under North Carolina state law, including but not limited to the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1, et seq.; or any other statutes and/or regulations regulating hours of work, wages, the payment of wages, wage-related or recordkeeping-related claims, the payment of minimum wages, and/or the payment of overtime compensation;

AND

(iii) any and all claims under state and federal law for earned wages, overtime, and/or missed or interrupted meal breaks, including such claims for breach of express contract or labor agreement, implied contract, money had and received in assumpsit, quantum meruit/unjust enrichment, fraud, negligent misrepresentation, equitable estoppel, promissory estoppel, conversion, and failure to keep accurate records.

This release does not apply to any claim by any Class Member for discrimination in violation of state or federal law (except for Named Plaintiff), or any claim of any type arising on or after the date the settlement has received final approval from the U.S. District Court for the Eastern District of North Carolina.

## THE LAWYERS REPRESENTING YOU

| **5.** | **Do I Have a Lawyer in the Case?** |
|---|---|

Opt-in plaintiffs and class members who do not request exclusion from the settlement are represented in this case by the following attorneys and law firm:

> Gilda Adriana Hernandez, Esq.
> Charlotte Claire Smith, Esq.
> **THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
> 1020 Southhill Drive, Suite 130
> Cary, NC 27513
> Tel: 919-741-8693
> www.gildahernandezlaw.com
> rkreuz@gildahernandezlaw.com

The Court decided that these lawyers and law firm are qualified to represent the settlement class members in this case. These lawyers are called "Class Counsel." You can contact Class Counsel if you have questions about this case. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **6.** | **How Will the Lawyers Be Paid?** |
|---|---|

Class Counsel will ask the Court to approve payment of up to one-third of the gross settlement amount ($500,000.00), to compensate them for their services in this matter. Class Counsel will also ask the Court to approve reimbursement for their costs spent in litigating this case, which are currently estimated to be approximately $20,000. Class Counsel will file a motion with the Court setting out the bases for their requested costs and fees. At a later date, the Court will decide whether Class Counsel's request is reasonable. If the Court does not approve the full amount of the fee request, then any unawarded funds will be added to the amount available for distribution to the class/collective.

# HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| 7. | How Can I Get a Payment? |
|---|---|

To receive a settlement payment, you must timely complete a Claim Form. You can submit a claim electronically at the website www.SanJoseSettlement.com or complete and sign the enclosed claim form and return it to the settlement administrator by U.S. Mail in the postage pre-paid enveloped included with this notice, or by e-mail info@SanJoseSettlement.com.

To be considered timely, any completed forms returned to the settlement administrator by U.S. Mail must be postmarked no later than **June 17, 2022.** Any completed forms returned to the settlement administrator by fax or e-mail must be received no later than **June 17, 2022.**

If you lose, misplace, or need another one of these forms, you can contact the settlement administrator by email at info@SanJoseSettlement.com to request a new copy.

| 8. | How Much Can I Expect to Receive? |
|---|---|

Should you want information about the amount you can expect to receive, contact Class Counsel..  Your payment depends on (1) the number of workweeks you worked during the Class Period, as well as the number of overtime hours you worked during each workweek; and (2) how many relevant bonuses you received during the Class Period, as well as the number of overtime hours you worked during the period applicable to the bonus payment.

Your estimated payment was calculated using the formulas set forth in the settlement agreement and assuming that the Court approves and awards the other amounts requested to be paid from the Gross Settlement Amount, which were discussed in Section 3.  If the Court does not approve the full amount of these other payments, your award payment may increase.

Each final settlement payment will be separated into two amounts:  50% will be allocated to the claims asserted in the lawsuit for wage-related damages, and 50% will be allocated to the claims asserted in the lawsuit for liquidated damages and other relief. The portion allocated to claims asserted in this lawsuit for unpaid overtime and other wage-related damages will be subject to all authorized or required deductions, just as if it were a regular paycheck, including, but not limited to local, state, and federal taxes, garnishments, child support orders, and tax levies/liens.  The portion allocated to wage claims will be reported on an I.R.S. Form W-2. The portion allocated to liquidated damages and other relief will be reported as non-wage income and reported on an I.R.S. Form 1099.

| 9. | When Would I Get My Payment? |
|---|---|

If you are eligible to participate in the settlement and timely provide the form described in Section 8 above, you will be sent a settlement check following Defendants' completed payment of the gross settlement fund. Before the settlement is effective, however, settlement class members must be given time to object to the settlement or opt-out, the Court must hold a hearing to consider the fairness of the settlement and grant final approval of the settlement, and any appeals of the court's order granting final approval must be resolved. Please be patient.

Please watch your mail for a check and cash it when you get it. **You will have 180 days from issuance of the check to cash it. The check will be void after 180 days**. The settlement agreement provides that any amounts from voided, uncashed checks will then be returned to San Jose.

| 10. | How Do I Get Out of the Settlement? |
|---|---|

If you do not wish to be part of this settlement, you may elect to "opt out" by excluding yourself from this action and the associated settlement and judgment.  Class Members who opt out of this action, and FLSA class members who do not return a claim form, would remain free, subject to the statute of limitations, to bring claims against San Jose that are covered by this settlement and release, against which San Jose would assert defenses and litigate. If you decide to opt out, you will not be allowed to object to this settlement. The deadline to opt out is **June 17, 2022.**

This deadline is final, and forms not postmarked before the pertinent deadline will not be honored. **IF YOU OPT OUT OF THE SETTLEMENT, YOU WILL NOT RECEIVE A PAYMENT.**

To opt out, you must submit a written statement to the settlement administrator expressly stating that you wish to be excluded from the settlement. Such requests for exclusion should state at the top of the letter "Request for Exclusion from Settlement in *Pontones v. San Jose Restaurant, Incorporated, et al.*, Case No. 5:18-cv-219-D."  Also be sure to include your name, address, telephone number, and signature. All written requests for exclusion must be sent by First-Class U.S. Mail, postmarked no later than **June 17, 2022,** to:

*Pontones v. San Jose Restaurant, Inc., et al Settlement Administrator*
c/o **Settlement Administration**
**ATTN: Exclusion Request**
P.o.Box 58220
Philadelphia, PA 19102

You cannot exclude yourself by phone or by e-mail. Requests for exclusion that do not include all required information, or that are not timely postmarked, will be deemed null, void, and ineffective.

| 11. | If I Do Not Exclude Myself, Can I Sue This Defendant for the Same Thing Later? |
|---|---|

If you are receiving this notice, you have been identified as a class member for purposes of this lawsuit. As a class member, unless you exclude yourself, you give up any right to sue defendant for the claims that this settlement resolves, which are set forth in Section 4 above. If you have a pending lawsuit asserting the claims resolved by this settlement, speak to your lawyer in the pending lawsuit immediately. You must exclude yourself from this settlement to continue your own lawsuit against San Jose regarding the claims resolved by this settlement.

| 12. | If I Exclude Myself from the Settlement, Can I Get Money From This Settlement? |
|---|---|

No.

## OBJECTING TO THE SETTLEMENT

| 13. | How Do I Object or Tell the Court That I Don't Like the Settlement? |
|---|---|

You can ask the Court to deny approval of the settlement by filing an objection with the Court. You cannot ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If that is what you want to happen, you must object.

To object, you must send a letter to the Court, Class Counsel, and counsel for San Jose giving the reasons why

you object to the proposed settlement. The top of your letter should be labeled with the name and case number of this lawsuit ("*Pontones v. San Jose Restaurant, Inc., et al.*, Case No. 5:18-cv-219-D") and must include: (i) your full name, address, telephone number, the approximate dates of your employment with San Jose, and the restaurant(s) where you worked; and (ii) each specific reason for your objection, including any legal or evidentiary support you have for your objection. **You must mail copies of the objection to the Court, Class Counsel, and counsel for San Jose (addresses below), postmarked no later than June 17, 2022.**

| THE COURT | CLASS COUNSEL | COUNSEL FOR DEFENDANTS |
|---|---|---|
| Clerk of Court | Gilda A. Hernandez, Esq. | |
| U.S. District Court for the | Charlotte C. Smith, Esq. | James Larry Stine |
| Eastern District of North | **THE LAW OFFICES OF** | **WIMBERLY, LAWSON, STECKEL, SCHNEIDER &** |
| Carolina | **GILDA A. HERNADNEZ, PLLC** | **STINE, P.C.** |
| 310 New Bern Avenue | 1020 Southhill Dr., Ste. 130 | 3400 Peachtree Rd., NE |
| | Cary, NC 27513 | Suite 400, Lenox Towers |
| Raleigh, NC 27611 | | Atlanta, GA 30326 |

Albert J. Bolet (GA Bar No. 065785)

Hipolito M. Goico (GA Bar No. 299195)
**GOICO & BOLET, P.C.**
2021 North Druid Hills Road, N.E.
Suite 200
Brookhaven, GA 30329

If you file a timely written objection, you may (but are not required to) appear at the Fairness Hearing, described in Section 16, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

| **14.** | **What Happens if the Court Rejects my Objection?** |
|---|---|

*Pontones v. San José Restaurant, Incorporado, et al.*
*Administrador del Acuerdo*
c/o [Name of Settlement Administrator]
*****************
***********, ** *****-****

*Pontones v. San Jose Rest., Inc., et al.*
Causa Núm. 5:18-cv-219-D
Tribunal de Estados Unidos para el Distrito
Oriental de Norte Carolina

The Court will consider any objections that are timely filed. This does not mean, however, that the Court will necessarily take action based on any objection. If the Court rejects your objection, you will still be bound by the terms of the settlement and the release of claims explained in Section 4 above.

Moreover, if you intend to object to the settlement, but still wish to receive a settlement payment, you must timely file the required claim form described in Section 7 above. If the Court approves the settlement despite your objections, and you have not timely filed the required form necessary to receive a settlement payment, you will not receive a settlement payment.

| **15.** | **What is the Difference Between Objecting and Excluding?** |
|---|---|

Objecting is telling the Court you do not like something about the settlement. You can object only if you stay in the settlement. If you exclude yourself from this lawsuit, you are telling the Court you do not want to be part of the lawsuit or settlement. If you request to be excluded from the lawsuit, you have no basis to object to the settlement, because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

| **16.** | **When and Where Will the Court Decide Whether to Approve the Settlement?** |
|---|---|

The Court preliminarily approved this settlement on **March 29, 2022.** The Court will hold a final hearing (sometimes called a fairness hearing) on this settlement on **July 15, 2022, at 1:00p.m.** This hearing will take place in Courtroom **1** of the U.S. District Court for the Eastern District of North Carolina, located at 310 New Bern Avenue, Raleigh, North Carolina, 27611, Judge James C. Dever III presiding. After the hearing, the Court will decide whether to approve the settlement. We do not know how long the decision will take.

| **17.** | **Do I Have to Come to the Hearing?** |
|---|---|

No. Attendance at this hearing is completely optional. It is not required to participate in the settlement or opt out of the lawsuit.

| **18.** | **May I Speak at the Hearing?** |
|---|---|

You may ask the Court for permission to speak at the fairness hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear at Hearing on Final Approval of Class Settlement in *Pontones v. San Jose Restaurant, Incorporater, et al.*, Case No. 5:18-cv-219-D." Be sure to include your full name, address, telephone number, and signature. Your notice of intention to appear must be postmarked no later than **June 17, 2022,** and be sent to the Clerk of Court, and to Class Counsel and Counsel for San Jose at the addresses list above in Section 13. You cannot speak at the hearing if you have opted out of the lawsuit.

*Pontones v. San José Restaurant, Incorporado, et al.*
*Administrador del Acuerdo*
c/o [Name of Settlement Administrator]
*****************
***********, ** *****-****

*Pontones v. San Jose Rest., Inc., et al.*
Causa Núm. 5:18-cv-219-D
Tribunal de Estados Unidos para el Distrito
Oriental de Norte Carolina

## IF YOU DO NOTHING

| 19. | What Happens If I Do Nothing at All? |
|---|---|

You have the right to do nothing. If you do nothing, however, you will not receive any money from this proposed settlement. In addition, unless you timely return a written request for exclusion, you will be bound by the Court's orders in this lawsuit and the release of claims explained in Section 4 above. You will not be able to start a legal action, continue with a legal action, or be part of any other legal action against San Jose regarding the claims resolved by this settlement.

## NO RETALIATION OR DISCRIMINATION

| 20. | If I Am a Current Employee, Will I Experience Any Retaliation or Discrimination? |
|---|---|

No. It is against the law to retaliate or discriminate against an employee who decides to participate in this settlement agreement. San Jose will not discriminate or retaliate against you in any way because of your decision to participate or not in the lawsuit or this settlement.

## GETTING MORE INFORMATION

| 21. | Are There More Details About the Settlement? |
|---|---|

This notice summarizes the basic terms of the proposed settlement. Further information is available from the settlement administrator and/or Class Counsel. See Section 5 above.

More details of the settlement are also contained in the stipulation of settlement and the pleadings and other documents relating to the lawsuit that are on file with the U.S. District Court for the Middle District of North Carolina. Copies of the complete stipulation of settlement and select other filings in the lawsuit are available by contacting Class Counsel. Their contact information is located in Section 5 above.

| 22. | How Do I Get More Information? |
|---|---|

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement. A copy of the Settlement Agreement is available at www.SanJoseSettlement.com. You can also write to *Pontones v. San Jose Restaurant, Incorporated, et al.,* Settlement Administrator,1650 Arch St. Suite 2210, Philadelphia, PA 19103, or email the Settlement Administrator at info@SanJoseSettlement.com. In addition, see Section 5 for Class Counsel's contact information. **PLEASE DO NOT CALL THE COURT, THE CLERK, OR SAN JOSE MEXICAN RESTAURANT, INC., OR ITS COUNSEL ABOUT THIS SETTLEMENT**.

If, for any future reference or mailings, you wish to change the name or address listed on the envelope in which this Notice was sent, please inform the settlement administrator of your new address. You can do so by sending a letter to:

*Pontones v. San Jose Restaurant, Incorporated, et al.*, Settlement Administrator
1650 Arch St. Suite 2210
Philadelphia, PA 19103
Fax: 215-525-0209
info@SanJoseSettlement.com

# Exhibit B

*Pontones v. San Jose Restaurant, Inc., et al*
*Settlement Administrator Case No. 5:18-cv-219-D*
*United States District Court for the Eastern District of North Carolina*
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

[Barcode]
[First Name] [Last Name
[Street 1]
[Street 2]
[City, State ZIP]

## CLAIM FORM AND CONSENT TO JOIN

To file electronically, login at www.SanJoseSettlement.com and enter your Notice ID and Confirmation Code.
**Notice ID**: [00 ID]  **Confirmation Code**: [Code]

**For information regarding your estimated award, please contact Class Counsel at (919) 741-8693.**

In order to receive a payment under the Settlement Agreement, please complete and timely submit this Claim Form to the Settlement Administrator. To be considered timely, these forms must be postmarked by no later than June 17, 2022, if returned by U.S. Mail or received by June 17, 2022, if filed online or returned by fax or e-mail. **SEND COMPLETED CLAIM FORMS BY JUNE 17, 2022, TO:**

*Pontones v. San Jose Restaurant, Inc., et al Settlement Administrator*
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
Fax: 215-525-0209
**E-mail:** info@SanJoseSettlement.com

I, hereby opt into this settlement pursuant to Section 216(b) of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), authorize Class Counsel to represent me in this Settlement, and agree to waive and release any and all claims under the federal Fair Labor Standards Act ("FLSA"), North Carolina Wage and Hour Act ("NCWHA"), and any other wage-related claims, laws, and regulations, from the start of my employment with San Jose Restaurants ("San Jose") through the Effective Date of the settlement, including, but not limited to, claims for back pay, liquidated damages, penalties, interest, and attorneys' fees, costs, and expenses. Further:

- I wish to participate in the parties' proposed settlement if approved by the Court.

- I understand that if the settlement is approved by the Court, I will receive a check with an estimated amount before taxes.

- I understand that I must keep the Settlement Administrator informed of any change in my address. If I do not do so, I understand that I may not receive any settlement payment that I might otherwise be entitled to receive.

_____     _____
  Signature                                                    Date

**Use back of form for address updates**

**In order to receive a settlement payment, you must submit a signed claim form by June 17, 2022.**

Name and Address Updates:

*If your name or address is different from what is printed above, please provide updated information below:*

First Name: _____     MI: ____     Last Name: _____

Mailing Address: _____     Apt/Unit: _____

City: _____     State: _____     Zip Code: _____

**Submit signed claim form and any address updates to:**

*Pontones v. San Jose Restaurant, Inc., et al Settlement Administrator*
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
**E-mail:** info@SanJoseSettlement.com

*Pontones v. San José Restaurant, Incorporado, et al.*
*Administrador del Acuerdo*
c/o [Name of Settlement Administrator]
*****************
***********, ** *****-****

*Pontones v. San Jose Rest., Inc., et al.*
Causa Núm. 5:18-cv-219-D
Tribunal de Estados Unidos para el Distrito
Oriental de Norte Carolina

# Pontones v. San Jose Restaurant, Inc., et al

*Settlement Administrator*
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

[Código de barras]
[primer nombre] [Last Name]
[Dirección Postal 1]
[Dirección Postal 2]
[Ciudad, Estado, ZIP]

## FORMULARIO DE RECLAMO Y CONSENTIMIENTO PARA UNIRSE

Identificación de aviso[00ID]  Codigo de confirmación[codigo]

Para recibir un pago en virtud del Acuerdo del Acuerdo, complete y envíe oportunamente este Formulario de reclamación al Administrador del Acuerdo. Para que se consideren oportunos, estos formularios deben tener matasellos a más tardar el **17 de junio de 2022**, si se devolvieron por correo de los EE. UU., o se recibieron antes del **17 de junio de 2022**, si se presentaron en línea o se devolvieron por fax o correo electrónico. **ENVÍE LOS FORMULARIOS DE RECLAMACIÓN COMPLETOS ANTES DEL 17 DE JUNIO DE 2022 A:**

*Pontones v. San José Restaurant, Inc., et al Administrador de Acuerdo*
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
Fax: 215-525-0209
**E-mail:** info@SanJoseSettlement.com

Yo, mediante lo presente, opto unirme a este acuerdo según Sección 216(b) de la Ley de Normas Justas de Labor ("Fair Labor Standards Act") 29 U.S.C. §§ 201, *et seq.* ("FLSA"), autorizo Consejero de la Clase para representarme en esta Acuerdo, y concuerdo en abandonar y desligar toda y cualesquier demanda bajo la ley federal de Normas Justas de Labor ("Fair Labor Standards Act", "FLSA") , Ley de Norte Carolina de Sueldos y Horas ("North Carolina Wage and Hour Act", "NCWHA"), y cualquier otra demanda relacionada con pagos, leyes y regulaciones, desde el comienzo de mi empleo con San José Restaurants ("San José") hasta el Día de Ejecución del acuerdo, incluyendo, pero no limitado a, denuncias por pagos atrasados, daños liquidados, penalidades, interés, y honorarios de abogados, costos, y gastos.  Además:

- Yo deseo participar en el acuerdo propuesto si llegara a ser aprobado por el Tribunal.

- Yo entiendo que, si el acuerdo es aprobado por el Tribunal, yo recibiré un cheque  antes de la deducción de impuestos.  Sin embargo, si necesito detalles sobre el premio estimado, debería llamar al Consejo de Clase al (919) 741-8693.

- Yo entiendo que tengo que mantener al Administrador del Acuerdo informado de cualquier cambio de mi dirección residencial.  Si no lo hago, yo entiendo que tal vez no recibiré ningún pago por parte de esta resolución a cuál yo tal vez tenga derecho de recibir de otros modos.

*Pontones v. San José Restaurant, Incorporado, et al.*
*Administrador del Acuerdo*
c/o [Name of Settlement Administrator]
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*, \*\* \*\*\*\*\*-\*\*\*\*

*Pontones v. San Jose Rest., Inc., et al.*
Causa Núm. 5:18-cv-219-D
Tribunal de Estados Unidos para el Distrito
Oriental de Norte Carolina

Firma

Fecha

**Use el dorso del formulario para actualizar su dirección.**
**Para recibir un pago del acuerdo, usted tiene que entregar un firmado formulario de reclamo antes del 17 de junio de 2022**

---

Actualizaciones de Nombre y Dirección:

*Si su nombre o dirección postal difiere de lo que aparece impreso arriba, favor de proveer la información actualizada abajo:*

Primer Nombre: _____   Inicial: _____   Apellido(s): _____

Dirección Postal: _____   Apt./Unidad: _____

Ciudad: _____   Estado: _____   Código Postal: _____

---

**Entregue el formulario de reclamo y cualquier actualización de dirección a:**

*Pontones v. San José Restaurant, Inc., et al Administrador de Acuerdo*
c/d Administración de Reclamos
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
Fax: 215-525-0209
**E-mail:** info@SanJoseSettlement.com

# Exhibit C

You may be eligible to participate in a Settlement between servers and San Jose Restaurants for unpaid wages. Visit [www.SanJoseSettlement.com](http://www.SanJoseSettlement.com) for details.